Notice Due To People Keep saying until Central
with (Power) To Enforce the Law
Fresno Calif. U.S. Court Will Not Issue T. Blackman
Another Decline And Consent Form And
court order Proof of Service To Take Jurisdiction
over San Diego Calif R.J.D.C.F State Prison To
Terminate 138 Defendants Just Like Sacramento
Calif State capitol Building And Selado Calif State
Prison And L.A.Angeles Calif Superior Court
See Attach Court orders

Plaintiff's Name Tony Blackman
Inmate No. V-22349
Address Richard J. Donovan Correctional Facility
480 Alta Road
San Diego Calif 92179

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

_____

(Name of Plaintiff)

Tony Blackman

vs.

C-12 Building officer MR J.mendosa. Height 5ls
C-12 Building Tower mr Quizon  Height 5ls
C-12 Building officer J T.Delgado Height 6/2
C-12 Building officer mr K ONeal Height 6/2
C-12 Building Prison Employee ms M.Eliz Alde Height 5ls
Deputy Director of Correction J.S.Woods
Director of Correction Cheryl K.Pliler

(Names of all Defendants)

1:17-CV-00048-MJS-(PC)

(Case Number)

COMPLAINT

Civil Rights Act, 42 U.S.C. § 1983

**FILED**

JAN 1 2 2017

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

**RECEIVED**

JAN 1 2 2017

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____DEPUTY CLERK

I.  Previous Lawsuits (list all other previous or pending lawsuits on back of this form):

   A.   Have you brought any other lawsuits while a prisoner?  Yes _t_  No __

   B.   If your answer to A is yes, how many?  ___1___
        Describe previous or pending lawsuits in the space below.
        (If more than one, use back of paper to continue outlining all lawsuits.)

        1.  Parties to this previous lawsuit:

        Plaintiff  Tony Blackman

        Defendants Richard m.Sims, Third Appellate Court Judge
        State Capitol Building Sacramento Calif
        _____

        2.  Court (if Federal Court, give name of District; if State Court, give name of County)
        Fresno Calif U.S.Federal District Court
        1.07-CV-01447-LJ0-GSA
        3.  Docket Number _____  4.  Assigned Judge  Cant Remember

        5.  Disposition  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?)
        Dismissed Due To Termination of Judge Richard m.Sims

        6.  Filing date (approx.) _____  7.  Disposition date (approx.) _____

II.    Exhaustion of Administrative Remedies

A.    Is there an inmate appeal or administrative remedy process available at your institution?

Yes X̲ No___

B.    Have you filed an appeal or grievance concerning **ALL** of the facts contained in this complaint?

Yes X̲ No___

If your answer is no. explain why not_____

_____

_____

_____

C.    Is the process completed?

Yes___      If your answer is yes, briefly explain what happened at each level.

N/A

No X̲      If your answer is no, explain why not.
APPEAL COORDINATOR R.OLIVARRA And B.Self HAS THE
"POWER" AS HeadWARden D.A PARAMO under CDC TITLE 15 Section 3301
PRiSon EmployEES HAS THE SAME (POWER) WHEN THE WARden
is ABSence To ReJeCT And CANcel InmATes APPEAL To
"ProTecT" oThER PRiSon EmployEE To STOP PlAiNTiFF FRom EXHAUSTING
His AdministrATive Remedy AT THE Third Level oF APPEAL

NOTICE:    Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). If there is an inmate appeal or administrative remedy process available at your institution, you may not file an action under Section 1983, or any other federal law, until you have first completed (exhausted) the process available at your institution. You are required to complete (exhaust) the inmate appeal or administrative remedy process before filing suit, regardless of the relief offered by the process. Booth v. Churner, 532 U.S. 731, 741 (2001); McKinney v. Carey, 311 F.3d 1198, 1999 (9th Cir. 2002). Even if you are seeking only money damages and the inmate appeal or administrative remedy process does not provide money, you must exhaust the process before filing suit. Booth, 532 U.S. at 734.

III. Defendants

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item B for the names, positions and places of employment of any additional defendants.)

A.    Defendant ___J. mendoSA___ is employed as _CORRECTioNAL_
___oFFiceR___ at _RichARd J DonoVAN CORReCTioNAL FAcility_

2

Statement of Claim

San Diego California, Richard J. Donovan Correctional Facility C-12 Building officer ma J. Mendosa Height 515 And Counselor Ms m Elizalde and Captain P. Bracamonto and Appeal Coordinator office Prison Employee R. Olivarra and E.B. Self and Chief Inmate Appeal officer m. Voong and Director of Correction Cheryl K. Pliler is responsible for the Safe Custody of the Inmate Confined Inside State Prison / Per California Code of Regulation Title 15. Section. 3271 Responsibility of Employees / EVERY Employee Regardless of His or Her Assignment is Responsible for Safe Custody of the Inmate confined Inside State Prison

See Case Law on / Buckner V. Hollins 983 F 2d. 119 (8th Cir 1993 ) on Peace officers "Duty To Protect" Prisoners From other officers unjustified Deprivation Due to Discrimination Hate Crime under California Penal code Section 422.55 Hate Crime Behind State Prison Close Doors And on 9-27-2016 Plaintiff Sent Appeal Coordinator office R. Olivarra A Notice of Appeal By A 602 Appeal Dated 9-27-2016 See Exhibit A / Supporting Document And See Case Law on Burkett V. Cunningham 826. F 2d. 1208. 23. 25 (3rd Cir 1987 ) on Notice of Appeal So Plaintiff Can Obtain A Copy of His Trust Account Statement For The Past 6 month And Receive A Written Decision on An Application To Proceed In Forma Pauperis So Plaintiff civil Suit complaint Will Be Process Without Payment But Due To Discrimination 602 Appeal Was Rejected

See Commonwealth V. Hanley / EVERY SuBJect of the commonwealth ought to Find A Certain Remedy By Having Recourse of the Law For All Injuries or Wrong Which He may Receive In His Person or Property or Character He ought To Obtain Rights And Justice Freely And without Being obliged To Purchase it Completely And without Any Denial Promptly And without Delay conformably to the Law / See Case Law on Commonwealth V. Hanley 337 mass 384 N. E. 2d. 608. 66. A. L. R 222 (1958) on The Commonwealth Right To Receive "Procedure Protection"

Granted Appeal Grievance Complaint Restraining / Order Due To State Prison Building Tower Control officers Refusing To Cut / on The I.V. Camera And Tape Recorder So People Can't Have No Proof Who's Wrong or Right Behind State Prison Close Doors 24/7 After the 2002 Folsom Prison Riot See Exhibit A Supporting Document L.A Time News Paper on State Prison officers Inciting and Provoking Violence with (Deadly Weapons) Due To Discrimination Hate Crime Behind State Prison Close Doors Due To Black State Prison Prisoners Not Having A Private Lawyer with Power To Get A Court order To Enforce Black Prisoners First Amendment Rights To Exhaust Administrative Remedy on Appeal For (Protection) To Stop unnecessary Problem Before They Get out of Control Inside State Prison / See Case Law on / In Re muszalski. 125. Cal. R. P.T.R. 286. 52 cal. App. 3d. 500 ( cal. App 4th Dist 1975 ) on Right To Appeal And Exhaust Administrative Remedy on Appeal For Protection Against unjustified Deprivation Due To Director of Correction Cheryl K. Pliler and chief Inmate Appeal officer m. Voong And J.D. Lozano the Head of State Prison officers Assignment. using Sacramento Calif

State Appeal Coordinator Prison Employee R. Olivarra And B. Seif To Wrongfully ReJect And cancel Plaintiff Appeal Grievance complaint To (Protect)

138 — Additional Defendants From Being Investigated and Interrogated For Agreeing To Deprive Plaintiff of His First Amendment Rights To Receive A Written Decision on An Application To Proceed In Forma Pauperis and A Copy of Plaintiff TRUST Account Statement For The Past 6. months So Plaintiff Civil Suit complaint WANT Be Process By The Federal court without Payment/See EXHiBit. A Due To C-12 counselor ms ElizAlde And Tower officer mR Quizon And officer mR J.T. Delgado And officer mR ONeal And Appeal coordinator R. Olivarra And B. Seif. And officer mR J. mendoSA. Depriving Plaintiff of His First amendment Rights To Receive A Written Decision on The old Yellow CDC 1824 ReasonAble modification Accommodation Appeal Form To Stop Plaintiff From Receiving All of His PersonAl Property From Sat/F State Prison And High Desert State Prison And S.V.S.P State Prison So Plaintiff CAN'T Be Taken off of Restitution Fines To Keep confiscating Plaintiff PersonAl Property # 214.00 DollARS And So Plaintiff CAN'T Have His (cell-Painted) And Receive A Brand New State Issue mATTRESS After Plaintiff Gave officer mR J. mendoSA Notice By A CDC R-22 FoRm DATed 10-9-2016 See EXHiBit. B/on Plaintiff unLawful Prison condition Due To Appeal coordinator office Prison Employee R. Olivarra And B. Seif. Depriving Plaintiff of His First Amendment Rights To Be Double cell /cell-mate with 2014 H.D.S.P White Prisoner mR GARCiA cD c# no D-73856 oR mexican Prisoner mR ColoRes cDc# no E-83409 oR San Diego CAlif State Prison Black Prisoner mR T.B.DAvis coc# no E-36740 Due To 138 Additional Defendants ExtReme FeAR of Losing There PoweRs if Plaintiff HAd AnotheR Prisoner To Be His cell-mAte In Plaintiff Weight DiviSion Height 5/4 weight 160 To 165 To Be Witnes To State Prison Employee C-YARd LAw LiBRARy Staff mR Powell And mR R. Blahnick Discrimination HAte cRime By Depriving Plaintiff of His FiRst Amendment Rights to Receive LAw LiBRARy Access And Service To Appeal Plaintiff FalSe ImpRiSonment under cRiminal cASe no. BA 250138 See cASe LAw on / Bounds V. Smith 430 U.S. 817. 97 U.S. Supreme Court 1491 (1977) on LAw LiBRARy Access And Service To File AnotheR State Petition Due To State court Depriving Plaintiff of His one Process of Rights To (Appeal) In court For court HeARing /on cRiminal charges Filed Against Plaintiff on 5-26-04 And 8-27-07 And 3-19-10 And 6-28-2016, And 7-8-63 To coveR up Plaintiff FalSe ImpRiSonment /See EXHiBit C/ Supporting Document And

See 1997/GeoRge Town LAw JouRnAl cRiminAl PRoceduRe PAge 1581 Right To PRoceduRe Due PRoceSS The Fifth And FouRteeth Amendment To The U.S. conStitution PRohiBit The GoveRnment FRom DepRiving An InmAte of Life oR LiBeRty oR PRopeRty without Due PRoceSS of LAw. AnAlysis of PRoceduRAl Due PRoceSS QueStion InvolveS A Two PARt Inquiry 1. whetheR A PRoteCted LiBeRty oR PRopeRty InteReSt HAS Been InteRfeRed with By The StAte And 2 whetheR PRoceduRAl SAfe GuARd ARe conStitutionAlly SufficienT To PRotect AgAinST Any untjuStified DepRivation PRotected LiBeRty InteReSt cAn Be cReated 1. By Due PRoceSS clAuSe of its own FoRce And 2 By A couRt oRdeR And 3. By A TReAty And 4 By StAte ThRough StAtute oR RegulAtion The Due PRoceSS clAuSe ARe DeSigned To PRoteCt The IndividuAl AgAinST ARBitRARy GoveRnment Action /See Wolff V. McDonnell 418 u.S. 539. 58. 60 935. 94 u. S. SupReme couRT 2963 (1974)

Relief

Plaintiff Request that He Receive Another 30.Day Court Order Decline and Consent Form and a Sample Proof of Service and Civil Docket Report/See Exhibit.D /court order To Terminate officer MR J.Mendosa and Counselor MS Eliz Alde and C-12 Tower officer MR Quizon And officer MR Martinez And Appeal coordinator Prison Employee R Olivarra and B.Self and chief Inmate Appeal officer M.Voong And Director of correction Cheryl K Pliler Allowing State Prison Appeal coordinator office Prison Employee R Olivara and B.Self To Reject and cancel Plaintiff Appeal Grievance complaint To Deprive Plaintiff of His First

Amendment Rights To Receive Procedure Protection Granted Appeal Restraining/orders so Plaintiff cant obtain a Copy of His Trust Account Statement For the Past 6.months and Receive A Written Decision or an Application To Proceed Informa Pauper is So Plaintiff Civil Suit complaint want Be Process By the Federal Court without Payment/See Exhibit.A /cdcr-22 form and Rejected Appeal Grievance complaint Due To Discrimination Hate crime Inside State Prison

See Commonwealth v.Hanley./Every Subject of the Commonwealth ought to Find a certain Remedy By Having Recourse of the Law for All Injuries or wrongs which He may Receive In His Person or Property or character He ought to obtain Rights and Justice Freely without Being Obliged to Purchase it Completely And Without Any Denial Promptly And without Delay conformably To The Law/see Case Law on/Commonwealth v.Hanley 337 Mass 384. N.E.2d.608.66.A.L.R. 222 (1958) on The Commonwealth

Rights To Receive Procedure Protection Granted Appeal Grievance Complaints Restraining/order Due To State Prison Building Tower Control Officers Refusing To Cut /on the T.V.Camera's and Tape Recorders so People cant Have No Proof who's wrong or Right Behind State Prison close Doors 24/7 After the 2002 Folsom Prison Riot/See Exhibit.A Supporting Document L.A.Time News Paper on State Prison officers Inciting and Provoking Violence with a weapon of Pepper Spray to confiscate Plaintiff Personal Property for Involuntary Transfer Due To Plaintiff Not Having a Private Lawyer with Power To Get a court order To Enforce Plaintiff First Amendment Rights To Exhaust Administrative Remedy on Appeal For Protection against unjustified Deprivation Due To Director of correction Cheryl K.Pliler and Deputy Director of correction Kelly Harrington and chief Inmate Appeal officer m.Voong Allowing Appeal coordinator office Prison Employee R Olivara and B.Self To wrongfully Reject and cancel Plaintiff Appeal Grievance complaint To (Protect) State Prison officers from Being Investigated For Depriving Plaintiff of His First Amendment Right To Receive A Written Decision on Appeal/see Case Law on/In Remuszalski: 125.Cal.R.P.T.R. 286.52 Cal App-3d.500 (Cal.App 4th Dist 1975) on Right To Appeal And Exhaust Administrative Remedy on Appeal Due To C-12 counselor MS Eliz Alde And Tower officer MR Quizon And officer MR J.T.Delgodo And officer MR O Neal And Appeal coordinator R Olivarra and B Self And officer MR J.Mendosa. Depriving Plaintiff of His First

Amend CDC 1824 Reasonable modification Accommodation Appeal form to Stop Plaintiff from Receiving All of His Personal Property from Satlf State Prison and High Desent State Prison and 5.V-5.P State Prison so Plaintiff Cant Be taken off of Restitution fines to keep Confiscating Personal Property $214.00 Dollars and so Plaintiff can't have His (Cell-Painted) and Receive a Brand New State Issue mattress after Plaintiff Gave officer mr J. Mendosa Notice By a CDCR-22 form Dated 10-9-2016 See Exhibit B. / on Plaintiff unlawful Prison condition Due to Appeal Coordinator office Prison Employee R. Olivarra and B. Self, Depriving Plaintiff of His First Amendment Rights to Be Double cell/cell-mate with 2014 H.D-5.P white Prisoner mr Garcia CDC# No D-73856 or mexican Prisoner mr Colores CDC# No E-83409 or San Diego Calif State Prison Black Prisoner mr T.B. Davis CDC# No E-36740 Due to 138 Additional Defendants Extreme fear of Losing there Powers if Plaintiff Had Another Prisoner to Be His cell-mate In His weight Division Height 5'4 weight 160 to 165 to Be witness to State Prison Employee C-Yard Law Library Staff mr Pow and mr R. Blahnick Discrimination Hate Crime By Depriving Plaintiff of His First Amendment Rights to Receive Law Library Access and Service to Appeal Plaintiff false Imprisonment under Criminal case # No. 8A 250138 /See case Law or / Bounds V. Smith 430 U-5.817.97 U.S. Supreme court 1491 (1977) on Law Library Access and Service Due to State Court Depriving Plaintiff of His Due Process of Rights to (Appear) In court for a court Hearing / on Criminal charges filed Against Plaintiff on 5-26-09 and 8-27-07 and 3-19-10 and 6-28-2016 and 7-8-03 to Coverup Plaintiff false Imprisonment/See Exhibit. C

And See 1997 / GeorgeTown Law Journal Criminal Procedure Page 1581

Right to Procedure Due Process the Fifth and Fourteeth Amendment to the U.S. Constitution Prohibit the Government from Depriving an Inmate of Life or Liberty or Property without Due Process of Law Analysis of Procedural Due Process Question Involve a Two Part Inquiry 1. Whether A Protected Liberty or Property Interest Has Been Interfered with By The State and 2 Whether Procedural Safeguard Are constitutionally Sufficient to Protect Against Any unjustified Deprivation Protected Liberty Interest can Be Created 1. By Due Process clause of its own force and 2 By a court order and 3. By a treaty and 4. By State Through statutes or Regulation The Due Process clause Are Designed to Protect the Individual Against Arbitrary Government Action /See Wolff V. mc Donnell 418 U.S. 539.58.60.935.94. U.5 Supreme court 2963 (1974) on Due Process of Rights for a fair Hearing or Appeal To Stop unjustified Deprivation Inside State Prison

See Exhibit. E Due To Extroardinary Circumstance

Vaniel Paramo          Page. Obstructing Justice

1-4-17

notice of 138___ Defendants Agreeing to Deprive T.Blackman
of his First Amendment Right to Receive A Written Decision on the Yellow
cdc 1824 Reasonable modification Accommodation Appeal Form
to Stop T.Blackman from (Appealing) In court for A court Hearing/on
criminal charges filed against T.Blackman on 6-28-2016 And 5-26-09 And
8-23-07 And 3-11-10 And 7-8-05 to cover up T.Blackman false Empaisorment

| | | |
|---|---|---|
| 1. WARDEN Daniel A. Paramo | 51. Captain ms Reed | 103. officer E. Kats |
| 2. Prison Employee R. Olivarra | 52. Sergeant mr marse | 104. officer mr caballo |
| 3. Prison Employee B. Seelez | 53. Sgt mr Payne | 105. officer mr meza |
| 4. Captain P. Bracamonte | 54. Lt mr Camarda | 106. officer C. Sanchez |
| 5. Lieutenant E. Garcia | 55. Prison Employee Powell. D | 107. Sgt m Duncan |
| 6. Sergeant D. William | 56. officer mr Black | 108. Employee E. Simon |
| 7. C-12 Tower officer mr Quizon | 57. Captain m. Stot | 109. Employee mr cano |
| 8. C-11 Prison Employee L. medina | 58. Prison Employee B. Rdenzipca | 110. Employee K Seibel |
| 9. C-12 Prison Employee Elizaldem | 59. Employee S. Gazad | 111. officer m matthew |
| 10. C-12 officer J. mendosa | 60. officer ms mulaz | 112. officer L elivarez |
| 11. C-12 officer E. Cruz | 61. officer J. Reyes | 113. Employee T medvin |
| 12. C-11 officer R. Toblado | 62. officer mr Fortee | 114. Sgt P Bine |
| 13. C-12 Prison Employee H. Lz | 63. officer m. Chavez | 115. officer Jarramillo |
| 14. C-11 Prison Employee T. Garcia | 64. officer mr Tubas | 116. Employee mr Stration |
| 15. Prison Employee Haggemann | 65. officer L. marquez | 117. officer mr mack |
| 16. Prison Employee S. moshe | 66. officer mr Goodwin | 118. officer T Revene |
| 17. Prison Employee ms Browe | 67. officer Brills | 119. officer S. Eaton |
| 18. Prison Employee mr Sherman | 68. Lt mr Alieren | 120. officer Re Benson |
| 19. Prison Employee K. martin | 69. Sergeant E. O. Jel. | 121. Employee B Blakhick |
| 20. Sergeant Hill | 70. Lt. S Rink | 122. officer S. Armales |
| 21. Sergeant S. Kang | 71. Employee Cavenoggn | 123. officer mr Rafin |
| 22. Sergeant Hampton Jr. | 72. Employee Bloodsa | 124. officer T. Hedger |
| 23. C-12 Lwk officer mr Banyar | 73. Employee John chou | 125. Lt Napsolano |
| 24. C-12 officer J.T. Delgado | 74. officer R Davis | 126. Employee Ishikawa |
| 25. officer mr E. Hernandez | 75. officer T. Harkington | 127. Employee J. mc Neil |
| 26. officer A. Stephen | 76. officer J Gladd | 128. officer D. Paramo |
| 27. officer S. Chat. 12-1 | 77. officer J Fernandez | 129. officer E. Vega |
| 28. officer J. Leon | 78. officer A. La costa | 130. Director of corrections |
| 29. C-12 officer mr ONeal. K | 79. officer Bowez | m D. Steiner |
| 30. officer Ciendo | 80. officer Lawson | 131. Deputy Director |
| 31. Prison Employee mr A. Hernandez | 81. officer D. Tyson | Kelly Harrington |
| 32. C-12 officer A. Cortez | 82. officer J. Reddy | 132. chief Inmate |
| 33. officer m. meta | 83. officer m. P. Ortiz | Appeal J. D. Lozano |
| 34. officer R. Steven | 84. officer L mecheno | 133. chief Inmate |
| 35. officer m. Bailey | 85. officer J. Pimentel | Appeal M. Voong |
| 36. officer J. Daiz | 86. officer C wilson | 134. Appeal officer |
| 37. Sergeant B. Perez | 87. officer E Griffin | G. Tiscorna |
| 38. Sergeant K Patzee | 88. officer S. Carrion | 135. Appeal officer |
| 39. officer m Adams | 89. officer mr otter | B. Boe |
| 40. officer mr Smith | 90. officer J. Newton | 136. D. Strumsky |
| 41. officer J. Rodriguez | 91. officer H. Aames | 137. D. Holbrook |
| 42. officer ms m. Florez | 92. Employee ms Dalglish | 138. officer |
| 43. Sergeant mr Fonzalez | 93. officer S. masterson | ms Hooklin |
| 44. Sergeant mr Rutledge | 94. officer mr Demesa | |
| 45. officer J. mohaliez | 95. officer J Farrusica | |
| 46. officer T. mc Vay | 96. officer H. Reyes | |
| 47. Captain E. Gerpard | 97. officer D. Janine | |
| 48. Prison Employee T. Baisance | 98. Lt P. Ramos | |
| 49. officer B. Jones | 99. officer J. Crkman | |
| 50. officer D. Strayhard | 100. officer J. Nolan | |
| | 101. officer m canter | |

B. Additional defendants Director of Correction Suzan L. Hubbard C-12 Building Tower officer mr Martinez And Sergeant ms Hill And Sergeant ms Hampton C-Yard Prison Employee ms S. Moore And C-12 Building officer mr E. Cruz And C-Yard officer mr M. Adams And C-11 officer mr R. Toledo Height 5/5 And C-11 Prison Employee ms L. Medina Height 5/5 C-Yard officer mr D. Straty And Height 5/5 And officer mr B. Jones, Height 6/2 And officer ms M. Flores And Capt E. Benyard And officer mr A. Cortee And C-12 Tower officer mr mr Ganyea officer S. Chat And Sergeant K. Parzer And Sgt mr Gonzalez Captain mr P. Bracamonte Defendants ____ See Page 3 additional

## IV. Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

See Attach Statement of Claim

## V. Relief.

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

See Attach Sheet of Relief

I declare under penalty of perjury that the foregoing is true and correct.

Date JAN 4. 2017

Signature of Plaintiff Tony Blackman

(revised 6/01/04)

3

PENAL Sec. 825, Appearance before magistrate, unnecessary delay; maximum time; right of attorney to visit prisoner; refusal to permit visit; offense; forfeiture

Page 1   10

*79721 West's Ann.Cal.Penal Code § 825



## WEST'S ANNOTATED CALIFORNIA CODES
## PENAL CODE
### PART 2. OF CRIMINAL PROCEDURE
### TITLE 3. ADDITIONAL PROVISIONS REGARDING CRIMINAL PROCEDURE
### CHAPTER 4. THE WARRANT OF ARREST

*Current through Ch. 3 of 2007 Reg.Sess. urgency legislation*

## § 825. Appearance before magistrate; unnecessary delay; maximum time; right of attorney to visit prisoner; refusal to permit visit; offense; forfeiture

(a)(1) Except as provided in paragraph (2), the defendant shall in all cases be taken before the magistrate without unnecessary delay, and, in any event, within 48 hours after his or her arrest, excluding Sundays and holidays.

(2) When the 48 hours prescribed by paragraph (1) expire at a time when the court in which the magistrate is sitting is not in session, that time shall be extended to include the duration of the next court session on the judicial day immediately following. If the 48-hour period expires at a time when the court in which the magistrate is sitting is in session, the arraignment may take place at any time during that session. However, when the defendant's arrest occurs on a Wednesday after the conclusion of the day's court session, and if the Wednesday is not a court holiday, the defendant shall be taken before the magistrate not later than the following Friday, if the Friday is not a court holiday.

(b) After the arrest, any attorney at law entitled to practice in the courts of record of California, may, at the request of the prisoner or any relative of the prisoner, visit the prisoner. Any officer having charge of the prisoner who willfully refuses or neglects to allow that attorney to visit a prisoner is guilty of a misdemeanor. Any officer having a prisoner in charge, who refuses to allow the attorney to visit the prisoner when proper application is made, shall forfeit and pay to the party aggrieved the sum of five hundred dollars ($500), to be recovered by action in any court of competent jurisdiction.

### CREDIT(S)

*(Enacted 1872. Amended by Code Am.1880, c. 48, p. 30, § 1; Stats.1907, c. 484, p. 888, § 1; Stats.1927, c. 616, p. 1044, § 1; Stats.1961, c. 2209, p. 4554, § 1; Stats.1989, c. 546, § 1; Stats.1995, c. 465 (A.B.1452), § 1; Stats.2003, c. 149 (S.B.79), § 66.)*

<General Materials (GM) - References, Annotations, or Tables>
*79722

### HISTORICAL NOTES

### LAW REVISION COMMISSION COMMENTS

### 2003 Amendment

Subdivision (a)(2) of Section 825 is amended to reflect the repeal of Government Code Section 69741 (regular and special sessions). [33 Cal.L.Rev.Comm. Reports 231 (2003)].

© 2007 Thomson/West. No claim to original U.S. Govt. works.

Notice of Legal Notes on Due Process of Right

See 2002 California Penal Code Section 825. Appearance Before Magistrate Judge: unnecessary delay maximum time Right of Attorney to Vist Prisoner Refusal to Permit Vist offense Forfeiture/See Case Law on People V. West 61. Cal. R.P.T.R. 216. 253. Cal. App. 2d. 348. Failure to Arraign Defendant within 48. Hours two days. After Arrest as Required By this Section may constitute an unlawful Practice and will be subject to close scrutiny/See case law on (People V. Speaks 156. Cal. App. 2d. 25. 319. P 2d. 709 under this Section Detention Beyond 48 Hours statutory maximum without Being Taken Before a Magistrate Judge is (illegal) Detention False Imprisonment

See. Wolff V. McDonnell 418 U.S. 539. 41. L.ed 2d. 935. 94 U.S. Supreme Court 2963 Page 940. criminal law and 464. Right to Counsel Criminal Setting 31. The Reach of the Sixth Amendment Rights to Counsel is only to Protect the Attorney Client Relationship from Intrusion In the criminal Setting

See U.S. Supreme Court Report Lawyer Edition Annotated Book 18 L.Ed. 2d. U.S. 388. /pp. 213. End. /387 Court Rule (Page 1021) Washington V. Texas 388. U.S. 14. 18. L.Ed 2d. 1019. 87. U.S. Supreme Court 1920 (1967) on Due Process of Rights 1. In all Criminal Prosecution the Accused shall Enjoy the Right to A Speedy And Public Trial By an Impartial Jury of the State and District Wherein The Crime shall Have Been committed which District shall Have Been Previously Ascertained By law and to Be Informed of the Nature And Cause of the Accusation And To Be confronted with the Witnesses Against Him and to Have compulsory Process for obtaining Witnesses In His Favor and to Have the Assistance of counsel for His Defense And 2. N/or shall any state Deprive any Person of Life or Liberty or Property without Due Process of law /See Fuller V. State. 397 S.W. 2d. 434. (Tex Crim App 1966)

See Wolff V. McDonnell. 418 U.S. 539. L.Ed. 2d. 935. 94. U.S. Supreme Court 2963 Page 941 / Constitutional Law And 746. Due Process to court (38) the Right of Access to court Founded In Due Process Clause and Assure that No Person will Be Denied The Opportunity to Present to the Judiciary Allegation concerning Violation of Fundamental constitutional Rights

Due to (138) Additional Defendant's Telling T. Blackman that until He Become A Peace officer with the Power to Arrest and Power to Carry A Firearm T Blackman Can't (Appear) In court for A Court Hearing on A State Petition on criminal Charges Filed Against T. Blackman on 5-26-04 And 8-27-07 And 3-19-10 And 7-8-03 But People Refuse to Believe

## Notice

Some People are Indenial Due to Subconsciously Having A Problem causing the Indenial of Some People Fearing what the Truth might Hold causing the Indenial of Some People Refusing To Face any Serious Life Problem In Life That They might Have Are Reason with other People To Try to Solve There Problem In Life Without Chiticizing Being Negative Toward other People In life Remember

When People Refuse To unnecessary Reason with other People its Because

EXHIBIT A

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*Saturday, November 5, 2016 – Rejected 10/22/2016 - 1of 2*

*BLACKMAN, V22349*
*C 012 112200ILW*

FUNDS, Other, 09/27/2016
Log Number: RJD-C-16-04434
**(Note: Log numbers are assigned to all appeals for tracking purposes. Your appeal is subject to cancellation for failure to correct noted deficiencies.)**

The enclosed documents are being returned to you for the following reasons:

*Your appeal has been rejected pursuant to the California Code of Regulations, Title 15, Section (CCR) 3084.6(b)(7). Your appeal is missing necessary supporting documents as established in CCR 3084.3. All documents must be legible (If necessary, you may obtain copy(ies) of requested documents by sending a request with a signed trust withdrawal form to your assigned counselor). Your appeal is missing:*

*You did not provide a CDCR 22 with a response. Please provide a copy of the CDCR 22 form from staff you believe is responsible. If you are dissatisfied with the response contact the supervisor assigned to the area you reference. Please complete sections A and D. In addition, please attach supporting documentation to support your claim. For example: attach a copy of your request to the Accounting Office noting you are requesting a Trust Account statement in order to proceed with this concern.*

R. Olivarria
B. Self, CCII
Appeals Coordinator
RJD

Notice of 602 Appeal wRongfully ReJected To PRoTect 138 DefendAnTs FRom BeiNg InVestigAted And InTeRRogAted

**NOTE:** If you are required to respond/explain to this CDCR Form 695, use only the lines provided below.

DePRiving AppelAnT of His FiRsTAmendment Rights To EXHAusT AdministRAtive Remedy on Appeal By wRongfully ReJecTing Appeal

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation is granted.
**NOTE THIS CDCR 695 IS A PERMANENT APPEAL ATTACHMENT AND IS NOT TO BE REMOVED**

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | | | |
|---|---|---|---|
| | Institution/Parole Region: | Log #: | Category: |
| | RJD-C-16-04434 | | |
| | FOR STAFF USE ONLY | | |

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations, Title 15, Section (CCR) 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that lead to the filing of this appeal. If additional space is needed, _only_ one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

**Appeal is subject to rejection if one row of text per line is exceeded.**      **WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): BLACKMAN TONY | CDC Number: V-22349 | Unit/Cell Number: C-12/Cell-122 | Assignment: TMD / DPW |
|---|---|---|---|

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.): Need copy of Trust Account Statement for the past 6 months and Written Decision on Application To Proceed Informa Pauperis

A. **Explain your issue** (If you need more space, use Section A of the CDCR 602-A): See Attach 'A' on This 9-25-2016 I'm Giving The Trust Account office Notice of Appeal / See Burkett V. Cunningham. 826.F.2d. 1208.23.25 (3rd Cir 1987) on Notice of Appeal

B. **Action requested** (If you need more space, use Section B of the CDCR 602-A): See Attach. B I Want To Know WHH, The Trust Account office Prison Employees Refusing To Post the Prceledure on All The Prisoners Building Wall on How

**Supporting Documents: Refer to CCR 3084.3.**
☒ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):
See CDC 1824 ADA

☐ No, I have not attached any supporting documents. Reason : _____

Inmate/Parolee Signature: _Tony Blackman_      Date Submitted: 9-25-2016

☐ **By placing my initials in this box, I waive my right to receive an interview.**

(margin handwritten notes: Received RJDO Appeals / RG, R7, R9 FUNDS-OTH.)
(vertical right margin: STAFF USE ONLY)

---

**C. First Level - Staff Use Only**      Staff – Check One: Is CDCR 602-A Attached? ☒ Yes   ☐ No

This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☒ Rejected (See attached letter for instruction)  Date: 10/22/16   Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter) Date: _____
☐ Accepted at the First Level of Review.

Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.
     Date of Interview: _____ Interview Location: _____

Your appeal issue is: ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____
     See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: _____ (Print Name)   Title: _____ Signature: _____ Date completed: _____

Reviewer: _____ (Print Name)   Title: _____ Signature: _____

Date received by AC: _____

| | AC Use Only |
|---|---|
| | Date mailed/delivered to appellant ___ / ___ / ___ |

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | RJD - C - 16 - 04434 | | |

*FOR STAFF USE ONLY*

Attach this form to the CDCR 602, only if more space is needed.  Only one CDCR 602-A may be used.

**Appeal is subject to rejection if one row of text per line is exceeded.    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): BLACKMAN TORY | CDC Number: V-22349 | Unit/Cell Number: C-12/cell-122 | Assignment: TMA /DPW |
|---|---|---|---|

**A. Continuation of CDCR 602, Section A only (Explain your issue):** Due To People Keep
Saying until Appellant Receive A Private Lawyer
with (Power) To Get A Court Order To Enforce
Appellant First Amendment Rights Appellant
Cant Receive A First Level Granted Appeal
To Receive A Copy of His Trust Account
Statement for The Past 6 month or A Written
Decision on An Application To Proceed Informa
Pauperis So Appellant civil Suit Complaint Cant
Be Process without Payment due To Prison officers
Discrimination Hate Crime under Penal Code
Section 422.55 Hate Crime Due To Warden Daniel
Parama Refusing To Investigate And Interrogate
Prison officers To Findout why There Refusing To
Give Appellant A Written Decision on A Yellow CDC
1824 Reasonable modification Accommedation
Request Form To Stop Prison officers Confiscating
Appellant Personal Property For Involuntary Tranfer
Packing For Transfer /See Exhibit A CDC 1824 ADA

Inmate/Parolee Signature: Tony Blackman          Date Submitted: 9-25-2016

**B. Continuation of CDCR 602, Section B only (Action requested):** Appellant Can obtain A Copy
of His Trust Account Statement For The Past 6 months
And A Written Decision on An Application To Proceed Informa
Pauperis In 72 Hours So Appellant Can File A Civil Suit
Complaint To Receive A Court Order To make Prison officers
Stop Denying Appellant Procedure Protection Granted
CDC 1824 Reasonable modification Accommodation Request
Restrainting/orders So Appellant can Get Back All of His
Personal Property From Corcoran Calif Substance Abuse Treatment
Facility Ad Seg mexican officer mr A, Hernandez Height 5/5 To File
Appeal In Superior Court To (Appeal) In Court on Criminal charges
on 6-28-2016 And 5-26-09 And 8-27-07 And 3-19-10 Due To my False Imprisonment

Inmate/Parolee Signature: Tony Blackman          Date Submitted: 9-25-2016

State of California

Department of Corrections and Rehabilitation
Office of Appeals

# Memorandum

Date    :    August 24, 2016

To      :    BLACKMAN, TONY   V22349
             California Substance Abuse Treatment Facility and
             State Prison at Corcoran
             P.O. Box 7100
             Corcoran, CA 93212-7100

Subject:    **APPEAL ACTIVITY**

The attached page(s) lists a summary of your recent appeal history and status of appeals still under review.

M. VOONG, Chief
Office of Appeals

Attachment(s)

Notice of the chief Inmate Appeal officer M. Voong using state capitol Building computers to order Appeal office R. Olivarra And B. Self to wrongfully Reject And confiscate Plaintiff Appeal Dated 9-27-2016 And 12-7-2016 to (Protect) 138 Defendants From Being Investigated And Interrogated For keeping Plaintiff Falsely Inside State Prison See Attach Supporting Documents Criminal Charges on 5-26-04/8-27-07/3-12-20

Office of Appeals

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION

08/24/2016

Inmate / Parolee Appeals Tracking System - Level III

## Appellant Information

### CDCR Number: V22349

Sorted By: Last Name

| CDCR Number | Appellant Name | Location | Arrival Date |
|---|---|---|---|
| V22349 | BLACKMAN, TONY | SATF | 03/31/2016 |

**Accepted Appeals**

| IAB Number | Issue | Inst. Log Number | Closed Date | Disposition |
|---|---|---|---|---|
| 0922003 (Group) | LIVING CONDITIONS | KVSP-10-00333 | 07/22/2010 | DENIED |

**Screen Outs**

| IAB Number | Issue | Inst. Log Number | Screened Out | Reason |
|---|---|---|---|---|
| 0705610 | LEGAL | | 09/23/2007 | MUST BE COMPLETED THROUGH 2ND LEVEL |
| 0714859 | LEGAL | | 12/26/2007 | MISSING DOCUMENTATION |
| 0724898 | LEGAL | | 04/22/2008 | MUST BE COMPLETED THROUGH 2ND LEVEL |
| 0734395 | OTHER | | 07/01/2008 | MUST BE COMPLETED THROUGH 2ND LEVEL |
| 0804492 | STAFF COMPLAINTS | | 08/22/2008 | MUST BE COMPLETED THROUGH 2ND LEVEL |
| 0813790 | LEGAL | | 01/14/2009 | MUST BE COMPLETED THROUGH 2ND LEVEL |
| 0816758 | STAFF COMPLAINTS | | 02/05/2009 | MUST BE COMPLETED THROUGH 2ND LEVEL |
| 0819344 | ADA | | 03/05/2009 | MUST BE COMPLETED THROUGH 2ND LEVEL |
| 0903592 | TRANSFER | | 09/01/2009 | MUST BE COMPLETED THROUGH 2ND LEVEL |
| 0908820 | LEGAL | | 12/03/2009 | REJECTED<br>MUST BE COMPLETED THROUGH 2ND LEVEL |
| 0911905 | LEGAL | | 02/19/2010 | REJECTED<br>MUST BE COMPLETED THROUGH 2ND LEVEL |
| 0921699 | LEGAL | | 05/26/2010 | REJECTED<br>MUST BE COMPLETED THROUGH 2ND LEVEL |
| 1112375 | CASE INFO/RECORDS | SVSP-11-02793 | 04/30/2012 | R13 APPEAL INCOMPLETE (SIGN, DATE, ETC.) |
| 1304219 | FUNDS | RJD-13-02430 | 10/23/2013 | R15 NOT AUTHORIZED TO BYPASS ANY LEVEL |
| 1311328 | OTHER | RJD-14-00813 | 03/28/2014 | R15 NOT AUTHORIZED TO BYPASS ANY LEVEL |

Regional Administrators-Institutions Division
Wardens
Litigation Coordinators
Education and Inmate Programs Unit
Page 3

In summary, therefore, institutions should initially restrict free copying and mailing of legal documents for an indigent inmate to one copy for the intended court, one copy for the lead opposing party, and one copy for the records of the inmate. The CDC must cover the costs, including postage, for these mailings. The AG constitutes the lead opposing party if the subject of the inmate court action is the CDC or its employees.

If you have questions or require additional information, please contact Frank Lopez, Chief (A), Institution Services Unit, at (916) 323-4242.

CHERYL K. PLILER
Deputy Director
Institutions Division

Attachments

cc:  J. S. Woodford
     Suzan L. Hubbard
     Wendy Still
     Reynando Accooe
     W. J. Des Voignes

     John Dovey
     Renee Kanan, M. D.
     Frank E. Renwick
     Jackie Cervantes
        Ombudmen's Office

     Ernest C. Van Sant
     Kathleen Keeshen
     Jim L'Etoile
     Kathleen Dickinson
     Frank Lopez



SEP-17-2004  12:22                                                                                    P.02/04

State of California                                                                       :partment of Corrections

# Memorandum

Date  :   September 17, 2004

To   :   Regional Administrators-Institutions Division
         Wardens
         Litigation Coordinators
         Education and Inmate Programs Unit

Subject:   PHOTOCOPYING AND MAILING SERVICE FOR LEGAL DOCUMENTS FROM
          INDIGENT INMATES

This memorandum will discuss and clarify to what extent the California Department
of Corrections (CDC) must provide indigent inmates free photocopying and mailing
service to circulate their legal documents.

Numerous questions and concerns have arisen at institutions regarding the various
California Code of Regulations (CCR) sections that pertain to the subject of
photocopying and mailing of indigent inmates' legal documents.  Those sections
include:  Section 3134, Indigent Inmates; Section 3160, Inmate access to Courts;
Section 3162, Legal Forms and Duplicating Services; and Section 3165, Mailing
Legal Documents.

Specifically, Section 3162, Legal Forms and Duplicating Services Mandates, states,
in part that, "The printed forms required by state and federal courts which are
supplied to the Department by the courts shall be provided to inmates without
charge.  Inmates shall be required to pay for the duplication of printed forms and
other written or typed materials and for any special paper and envelopes required for
mailing to the courts. An inmate who is without funds for 30 days or more after such
materials and services are provided shall not be required to pay for the cost of those
materials and services."

Section 3134, Indigent Inmates states, in part, "An indigent inmate shall have free
and unlimited postage for the mailing of claims to the Board of Control and for the
filing of legal documents to any court as described in Section 3165."

Section 3165 (d), states, that "The cost of postage for mailing documents to the
courts will be charged against an inmate's trust account unless the inmate is without
funds at the time the material is submitted for mailing and remains without funds for
30 days after the documents are mailed."



CALIFORNIA DEPARTMENT of
**Corrections and Rehabilitation**

# CLASSIFICATION COMMITTEE CHRONO

| | | | |
|---|---|---|---|
| **Inmate Name:** BLACKMAN, TONY | | **Date:** 10/03/2016 | |
| **CDC#:** V22349 | | **Date of Birth:** 06/07/1963 | |

| | | |
|---|---|---|
| **Hearing Date:** 10/03/2016 | **Hearing Type:** Initial UCC | |
| **Committee Type:** Initial Unit Classification Committee | **Correctional Counselor:** H. Le | |

**STATIC CASE FACTORS**

**CRITICAL CASE FACTORS**

### CLINICIAN COMMENTS

### COMMITTEE ACTION SUMMARY

Remove from Orientation, Retain on RJD-IV SNY. Reaffirm CLS at 214, Reaffirm CLO-B, IHC: RE. "S" is SINGLE CELL.  WG/PG: D1/D changed to A2/B. PO SSWL and ABE-I.

### COMMITTEE COMMENTS

Inmate BLACKMAN INITIAL review is being presented before RJD-III SNY UCC. "S" RECEIVED his 72 hours' notice. "S" IS a participant of the MHSDS program and is at the CCCMS level of care dated Jul-20-2016. "S" IS a participant of the DPP and is DPW.  "S" IS NOT a participant of the DDP and is NCF. PC 2933: Ineligible. PC 2933.05: Ineligible. PRCS: Ineligible.

Accommodations/Staff Assistance:
Effective Communication was established by speaking slowly and clearly using simple language. "S" was able to read and reiterate, in his own words, the Notice of Classification Hearing.  "S" also asked relevant questions during pre-committee interview regarding his review. Staff assistance WAS assigned, CCI Medina, who is present at the UCC, made contact with "S" 24 hours prior to committee, and will be available after UCC for "S" to ask questions or assist in the appeal process.  "S" has a TABE of 0.1 dated Dec-16-2013.

CASE FACTORS:
"S" is 53 years old, BLACK male, 3Rd termer, currently CLO-B.  "S" has a CLS of 214 and is IV SNY. "S" was convicted in Los Angeles County for Attempted Robbery, Terrorist Threat for a total of 60 years to life.  Received by CDCR on Feb-18-2014 and Endorsed to RJD-III SNY on Sep-20-2016. Transfer is considered: Adverse.  Confidential separation alert is CLEAR.  Non-Confidential Separation alert is NOTED.  Inmate is currently Unassigned. "S" Inmate is Ineligible for MSF due to CLS and VIO/LIF. Last Resident: 3957 Hilcrest Ave, Los Angeles, Ca 90005, Arrest History: 7/2/80 - Burglary, 8/15/80 - Robber, 11/7/80 Assault W/ Intent To Murder, Robbery, 7/18/84 -Robbery, 1/13/89 - Possess/MFG/Sell Dangerous WPN, 2/22/94 - Battery On Custodial Officer, Robbery, 7/8/03 - Threaten Crime W/ Intent to Terrorize, Robbery, Prior Prison: CDCR, ARSON Offenses: NONE, ESCAPE: NONE, SEX Offenses: NONE, LIFE: NONE, Holds: NONE, Achieve Review: Completed, BPH: Con NLT 7/9/2023, Disciplinary history:  Threatening to cause SBI To Prisoner,  Battery On Inmate With Weapon (3),  Refusing A Lawful Order, Delay PO, Threating a PO, Indecent exposure, destruction of state property, refusing UA, willful resisting, obstruction PO.  STG: None, Admin Determinate: ENE, LIF, VIO, MED, PSY, SNY, TIM. Restitution: NONE, Visiting Restriction: no family visit, LOC is: OP, Proximity to consultation is: Infrequent Basic Consultation, Specialized services are: Durable Medical Equipment, Institutional environment: Medical Transport, Nursing care acuity is: Uncomplicated Nursing. Medical Accommodation: AFO Braces; LT, LB. "S" is MEDIUM RISK medical with LIMITED DUTY per SOMS-Medical Classification Chrono dated Jun-15-2015. 127: Updated.  IHC: RE. WG/PG: D1/D. TB code: 22. CSRA: 1. COCCI: 2. Education: No Hs Diploma On File.  2260: On File.  COMPAS: Completed, PREA CONCERNS: Inmate was interview for any new/emerging concerns for PREA, Inmate states that he has no new/existing PREA concerns.

Committee Discussion:
Remove from Orientation, Retain on RJD-IV SNY.  Preliminary CLS of 214 remain the same, last CLS ended on 8/17/16. Mandatory Minimum of 19 due to VIO/LIF.  RVR: 6/28/16 - THREATENING SERIOUS BODILY INJURY TO A PRISONER for this review period. "S" has committed the following act(s) of in-cell violence: 08/27/07: Battery on an Inmate with a Weapon and 05/26/04: Battery on an Inmate with a Weapon. 06/08/1987: Engaged in a Fist Fight (No WPN/No SBI). ICC dated 9/6/16 place "S" on Single Cell.  Reaffirm CLO-B, CLO-B beginning on Nov-18-2009 and is to remain for 7 years. Inmate is not eligible for reduction to MED -A due to current pending RVR dated 6/28/16. IHC: RE. WG/PG: D1/D changed to A2/B due to ADVERSE Transfer. PO SSWL and ABE-I. "S" Next annual UCC is on Feb-18-2017. Prior CSR concerns: from UCC dated Sep-20-2016 has been addressed. "S" Does not have history predatory behavior towards weaker inmates and is eligible for housing with DDP inmates.

Mr. Martinez - Education.

**RECORDER**

H. Le    

|  | 10/03/2016 |
|--|--|
|  | Date |

**CHAIRPERSON**

| P. Bracamonte | |
|--|--|
|  | 10/04/2016 |
|  | Date |

CDCR SOMS ICCT162 - Classification Committee Chrono

" CiViL WAR "

EXHiBiT B

983.F.2d 119, Buckner v. Hollins, (C.A.8 (Mo.) 1993)

Page 1

*119  983 F.2d 119

United States Court of Appeals,
Eighth Circuit.

Roger BUCKNER, Plaintiff-Appellee,
v.
Larry HOLLINS, Transportation
Officer, Jackson County Detention
Center; James Higgs, Jackson County
Department of Corrections; Oscar
Shelby, Jr., Jackson County
Department of Corrections;
Defendants,
Robert Veltrop, Fulton Reception and
Diagnostic Center, Defendant-
Appellant.

No. 92-1739.
Submitted Dec. 15, 1992.

Decided Jan. 6, 1993.

Rehearing and Rehearing En Banc
Denied Feb. 15, 1993.

Inmate brought § 1983 action against corrections officer for failure to stop another corrections officer from beating him. The United States District Court for the Western District of Missouri, Dean Whipple, J., denied officer's motion for summary judgment, and officer appealed. The Court of Appeals, Morris Sheppard Arnold, Circuit Judge, held that: (1) officer was not immune from suit, and (2) fact issues precluded summary judgment.

Affirmed.

West Headnotes

[1]   Sentencing and Punishment ⬳1534

350H ----
350HVII Cruel and Unusual Punishment in
General
350HVII(H) Conditions of Confinement
350Hk1534 Management and Maintenance of
Security.

(Formerly 110k1213.10(1))

Eighth amendment obliges prison officials to restore control in tumultuous situations.  U.S.C.A. Const.Amend. 8.

[2]   Prisons ⬳10

310 ----
310k5 Officers
310k10 Liabilities in General.

[See headnote text below]

[2]   Prisons ⬳17(4)

310 ----
310k17 Maintenance and Care of Prisoners
310k17(4) Protection from Violence.

State corrections officer had duty to intervene on behalf of inmate being assaulted by county corrections officer regardless of whether state department of corrections had lawful custody of inmate.  42 U.S.C.A. § 1983;  U.S.C.A. Const.Amend. 8.

[3]   Civil Rights ⬳1090

78 ----
78I Rights Protected and Discrimination
Prohibited in General
78k1089 Prisons
78k1090 In General.

(Formerly 78k135)

To recover against prison employee under § 1983, inmate must prove that employee acted with deliberate indifference.  42 U.S.C.A. § 1983.

[4]   Federal Civil Procedure ⬳2491.5

170A ----
170AXVII Judgment
170AXVII(C) Summary Judgment
170AXVII(C)2 Particular Cases
170Ak2491.5 Civil Rights Cases in General.

Issue of material fact as to whether corrections officer failed to intervene in altercation between inmate and other corrections officer precluded summary judgment for corrections officer on inmate's § 1983 claim;  officer's failure to intervene to stop beating of inmate who was naked, handcuffed, and defenseless would provide ample basis for jury to conclude that officer had acted with deliberate indifference.  42 U.S.C.A. § 1983.

[5]   Civil Rights ⬳1376(2)



© 2005 Thomson/West. No claim to original U.S. Govt. works.

*Notice Personal Confidential Papers Confiscated By The Appeal Office*    **EXHIBIT B**

State of California                                                                                          Department of Corrections and Rehabilitation

| **REASONABLE ACCOMMODATION REQUEST**<br>CDCR 1824 (rev: ?/2014) | INSTITUTION (staff use only):<br>Duplicate | EC?<br>Y/N | LOG NUMBER (staff use only): |
|---|---|---|---|
| | | | Date Received by Staff (staff use only): |

### * * * TALK TO STAFF IF YOU HAVE AN EMERGENCY * * *

**Do not** use a CDCR 1824 to request health care or to appeal a health care decision. This may delay your access to health care. Instead, submit a CDCR 7362 or a CDCR 602-HC.

| INMATE'S NAME (Print)<br>Blackman Tony | CDCR NUMBER<br>V-22349 | ASSIGNMENT<br>TM D | HOUSING<br>C-12/cell-122 |
|---|---|---|---|

INSTRUCTIONS

- You may use this form if you have a physical or mental disability or if you believe you have a physical or mental disability.
- You may use this form to request a specific reasonable accommodation which, if approved, will enable you to access and/or participate in a program, service, or activity. You may also use this form to submit an allegation of disability-based discrimination.
- Submit this form to the Custody Appeals Office.
- The CDCR 1824 is a request process, not an appeal process. All CDCR 1824 requests will receive a response. **Do not** use an 1824 to request a response for a group of inmates. If you have received an 1824 decision that you disagree with, submit an appeal (CDCR 602, or 602-HC if disagreeing with a medical diagnosis/treatment decision).

**WHAT CAN'T YOU DO / WHAT IS THE PROBLEM:** On 11-29-2016 Appellant sent Central Law Library office MAD Powell A CDCR-22 Form For ADA Law Library Access And Service Due To 30 Day Federal Court Deadline And on 11-20-2016 MAD Powell Received A CDCR-22 Form For Law Library Access And Service /See ExHiBiT A

**WHY CAN'T YOU DO IT:** Due To No Black officer Ms C. Little Height 5/6 and Black officer Ms A. Jones Height 5/4 Not Second And Third watch Sergeant on C-Yard ADA Law Library Access And Service Denied

**WHAT DO YOU NEED:** I want PLU status ADA Law Library Access And Service So Appellant can try To Receive Another Federal court order with Power To Terminate chief inmate Appeal officer m Voang Like L. Hoogl Andy To Get %ms C. Little And %ms H. Jones Promoted to C-Yard Second And Third Watch Sergeant /See Page 1

*(use the back of this form if you need more space)*

**Which of the following best describes your disability that caused you to file this request:**

☑ Difficulty walking or getting around    ☐ Difficulty seeing    ☐ Difficulty hearing    ☐ Difficulty talking    ☐ On kidney dialysis
☐ Difficulty using arms/hands    ☐ Difficulty learning    ☐ Difficulty thinking or understanding    ☐ Mental impairment
☐ Other Disability (briefly describe): _____

| **DO YOU HAVE ANY DOCUMENTS THAT DESCRIBE YOUR DISABILITY?**    Yes ☑    No ☐    Not Sure ☐ |
|---|
| (List and attach documents if available, including: 1845, 7410, 128-C): See GRANTeD ADA/ADoeAL on 2-24-2014 |

I understand staff have a right to interview or examine me, and my failure to cooperate may cause this request to be disapproved.

Tony Blackman                                                            12-7-2016

**INMATE'S SIGNATURE**                                                **DATE SIGNED**

Assistance completing this form provided by: _____

| | Last Name | First Name | Signature |
|---|---|---|---|

| ☐ IAP is not required as the CDCR 1824 contains no disability access or discrimination issues. | | |
|---|---|---|
| | Person making determination | Title |

Bounds v. Smith

97 S.Ct. 1491

430 U.S. 817, 52 L.Ed.2d 72

Supreme Court of the United States

Vernon Lee BOUNDS, etc., et al., Petitioners,
v.
Robert (Bobby) SMITH et al.

**No. 75-915.**
Argued Nov. 1, 1976.

Decided April 27, 1977.

Actions were brought by state prison inmates alleging that a state, by failing to provide them with adequate legal library facilities, was denying them reasonable access to the courts and equal protection as guaranteed by the First and Fourteenth Amendments. The actions were consolidated, and a summary judgment was modified and affirmed by the United States Court of Appeals for the Fourth Circuit, 538 F.2d 541. On petition by the state for review, certiorari was granted, and the Supreme Court, Mr. Justice Marshall, held that the fundamental constitutional right of access to courts requires prison authorities to assist inmates in preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law. Adequate law libraries in prisons are one constitutionally acceptable method to assure meaningful access to courts, but alternative means are not necessarily foreclosed; local experimentation is encouraged, but any plan must be evaluated as a whole to ascertain its compliance with constitutional standards.

Affirmed.

Mr. Justice Powell filed a concurring opinion.

Mr. Chief Justice Burger dissented and filed opinion.

Mr. Justice Stewart dissented and filed opinion in which Mr. Chief Justice Burger joined.

Mr. Justice Rehnquist dissented and filed opinion in which Mr. Chief Justice Burger joined.

West Headnotes

[1]   Constitutional Law €⇒328

92 ----
92XIII Right to Justice and Remedies for Injuries
92k328 Courts to Be Open.

Prisoners have constitutional right of access to the courts. 42 U.S.C.A. § 1983; U.S.C.A.Const. Amend. 14.

[2]   Criminal Law €⇒1077.1(1)

110 ----
110XXIV Review
110XXIV(F) Proceedings, Generally
110k1077 Proceeding in Forma Pauperis
110k1077.1 Proceeding in General
110k1077.1(1) In General; Right to Allowance.

*on July 8-2016 Set. F ASU Mexican Officer MR A Hernandez Issue T. Blackman Some of His Personal Property Due To T. Blackman Not Having The Power of A U.S Attorney General To Enforce the Law.*

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

### INMATE PROPERTY INVENTORY
CDC 1083 Rev (2/00)   *D-2 Mexicano officer MR F.U. Diaz And officer MR E. Reyes*

| INMATE'S NAME | CDC NUMBER | PRIVILEGE GROUP | INSTITUTION | DATE |
|---|---|---|---|---|
| BLACKMAN, Tony | V22349 | A1A | SATF | 6-28-16 |

| PROPERTY INVENTORIED BY | TITLE | REASON FOR INVENTORY | NUMBER OF BOXES |
|---|---|---|---|
| DIAZ / REYES | C/O | AD-SEG | |

## CANTEEN ITEMS

| | | |
|---|---|---|
| ☐ Cereal | ☐ Cheese | |
| ☐ Cocoa | ☐ Cookies | |
| ☐ Crackers | ☐ Creamer | |
| ☐ Dry Meat | ☐ Dry Drink Mix | |
| ☐ Health Food | ☐ Protein Supplement | |
| ☐ Vitamins | ☒ Soup 57 | |
| ☐ Nuts | ☐ Sugar Cubes | |
| ☐ Tea | ☒ Instant Coffee 5.22 | |
| ☐ Soda | ☐ Peanut Butter | |
| ☐ Jelly | ☐ Chips | |
| ☐ Honey | ☐ Pork Rinds | |
| ☐ Hot Sauce | ☐ | |

### Stationary Items

| | |
|---|---|
| ☐ Envelopes | ☐ Stamps |
| ☐ Stamped Envelopes | ☐ Greeting Cards |
| ☐ Writing Tablets | ☐ Stationary |
| ☐ Pencil Sharpener | ☒ Pens |
| ☒ Writing Paper | ☒ Pencils 6 |

### Hygiene Items

| | |
|---|---|
| ☐ Brush | ☐ Tweezers |
| ☐ Shaving Cream | ☐ After Shave |
| ☐ Nail Clippers | ☐ Nail Polish |
| ☒ Soap | ☐ Soap Dish |
| ☒ Toothpaste 2 | ☐ Mouthwash |
| ☒ Baby Powder 1 | ☐ Talc |
| ☒ Shampoo 2 | ☐ Conditioner |
| ☐ Hair Grease/Gel | ☒ Deodorant 3 |
| ☐ Perm Kit | ☐ Mirror |
| ☐ Nail Polish | ☐ Foundation |
| ☐ Makeup Ball | ☐ Blush |
| ☐ Mascara | ☐ Other: |

### Tobacco Items

| | |
|---|---|
| ☐ Pipe Tobacco | ☐ Chewing Tobacco |
| ☐ Other Tobacco | ☐ Cigarette Lighter |
| ☐ Tobacco Pouch | ☐ Cigarette Case |
| ☐ Cigarette Roller | ☐ Smoking Pipe |

### Other Items

| | |
|---|---|
| ☐ Immersion Heater | ☒ Tumbler |
| ☒ Bowl 1 | ☐ Can Opener |
| ☐ Shoe Polish | ☐ Extension Cord |
| ☐ Batteries | Size: |

## PERSONAL ITEMS

| | | |
|---|---|---|
| ☐ Photo Albums | ☐ Photos | |
| ☐ Cassette Tapes | ☒ CDs 11 | |
| ☐ Religious Medallion | ☐ Ring G S | |
| ☐ Chain G S | ☐ Earrings G S | |
| ☐ Watch G S | ☐ Wallet | |
| ☐ Prescription Glasses | ☐ Sunglasses | |
| ☐ Handkerchief | ☐ Wash Cloth | |
| ☐ Magazines | ☐ Books | |
| ☐ Address Book | ☐ Calendar | |
| ☐ Shoe Horn | ☐ Shaving Bag | |
| ☐ Brush | ☐ Comb | |
| ☐ Cosmetic Bag | ☐ Perm Rods | |

### Clothing Items

| | |
|---|---|
| ☐ B/B Hat | ☒ Watch Cap |
| ☐ Head Band | ☐ Gloves |
| ☒ Shower Thongs | ☐ Slippers |
| ☐ Sweat Pants | ☐ Sweat Shirt |
| ☐ Tennis Shoes | ☐ Raincoat |
| ☐ Thermal Top | ☐ Thermal Pants |
| ☐ Bra | ☐ Panties |
| ☐ Gym Shorts | ☐ Athletic Supporter |
| ☐ Slip | |

### Games

| | |
|---|---|
| ☐ Chess | ☐ Checkers |
| ☐ Dominoes | |

### Other

HOT-POT  WEST-3Cns
HEAD PHONES  KOSS 2
MISC PAPERWORK
1 Dictionary
2 Pink Detergent SOAP
18 Package of Placed
Legal Papers

## NON-EXPENDABLE ITEMS

| | |
|---|---|
| ☒ Televisions | ☒ A/C Adapter |

Operational  ☒ Yes  ☐ No
Model: Zenith 13 Inch T.V.
SR/N: 0920

| | |
|---|---|
| ☒ CD/Cassette Player | ☒ A/C Adapter |

Operational  ☒ Yes  ☐ No
Model:
SR/N:

| | |
|---|---|
| ☐ Radio | ☐ A/C Adapter |

Operational  ☐ Yes  ☐ No
Model:
SR/N:

| | |
|---|---|
| ☐ Musical Instruments | |

Operational  ☐ Yes  ☐ No
Type:
Model:
SR/N:

| | |
|---|---|
| ☐ Typewriter | |

Operational  ☐ Yes  ☐ No
Model:
SR/N:

| | |
|---|---|
| ☐ Fan | |

Model:

| | |
|---|---|
| ☐ Lamp | ☐ Electric Shaver |
| ☐ Blow Dryer | ☐ Hair Dryer |
| ☐ Curling Iron | ☐ Hair Rollers |
| ☐ Pressing Comb | ☐ Calculator |

All nonoperational items shall either be repaired, sent home, or disposed of. Note disposition of the item below:

RCA TV - ALTERED
FRONT BROKE / FAN DOES
NOT WORK WIRES BROKE

| Inmate's Signature Noting Disposition | Date |
|---|---|
| FALSE INFORMATION | |

---

TO BE SIGNED UPON INVENTORY OF THE I___   ___D UPON RETURN TO THE INMATE

The above listed items constitute all of my personal property whi___   ___d personal property or have noted any discrepancies below:

| INMATE'S SIGNATURE: Tony Black___ | | DATE: |
|---|---|---|
| RECEIVED IN R&R BY: | INSTITUTION | |



MeMORANdum

MaRch 26, 2010

Remember All People Have To Aplee
To double cell T, Black man IN
His weight Division Height 5'4
weight 160 to 165 and They Have
To Show People EVERy Body under
SeieuTific NucleaR PoweR
Electhouie SuRveillAnce WATCH
24/7 RememBer



ty 3 Inmate Population

Subject:    REFUSAL TO ACCEPT ASSIGNED HOUSING

In recent days, there have been an increased number of inmates refusing to accept assigned housing. These refusals have resulted in placement in the Administrative Segregation Unit as well as disciplinary documentation.

As a reminder, all inmates endorsed for the Richard J. Donovan Correctional Facility Sensitive Needs Yard Program have been cleared of all documented enemies and those approved for "double cell living" are deemed compatible. In order to effectively control the housing assignments on Facility 3, the following sections of the California Code of Regulations (CCR) shall be adhered, if found guilty during the disciplinary hearing:

CCR §3315(f)(5)(M) Violation of Refusing to Accept Assigned Housing of sections 3005(c) and 3269.1 shall result in:

1. First offense violation shall result in loss of any or all of the following for up to 90 days: canteen, appliances, vendor packages, telephone privileges, and personal property.

2. Second offense and subsequent offense violation(s) shall result in loss of any or all of the following for up to 180 days: canteen, appliances, vendor packages, telephone privileges, and personal property.

Therefore, in order to avoid the aforementioned privilege reductions, or endorsement to an alternative prison, if housed out of level, it is in your best interest to follow all housing assignment changes. If personal conflicts exist, convenient bed moves requests are a viable option that may be considered to resolve any concerns.

If you have any further questions or concerns, contact a member of the Men's Advisory Council.

M. F. STOUT
Facility 3 Captain (A)
Richard J. Donovan Correctional Facility



Notice Due To Prison officers Telling People
until T.Blackman Become A Peace officer with
Power He Have No Right But out af EXtreme
Fear Prison officer will LoseThere Powers
if They Just Allow There"consclous~mind"To
DouBle cell T.Blackman In His weight Division
Height 5'14 weight 160 To 165 Like mypweEATher
V. PACQUIAO Remember

*30108 West's Ann.Cal.Penal Code § 422.55

# WEST'S ANNOTATED CALIFORNIA CODES
## PENAL CODE
### PART 1. OF CRIMES AND PUNISHMENTS
### TITLE 11.6. CIVIL RIGHTS
### CHAPTER 1. DEFINITIONS

*Current with all 2007 laws*

## § 422.55. "Hate crime" defined

For purposes of this title, and for purposes of all other state law unless an explicit provision of law or the context clearly requires a different meaning, the following shall apply:

(a) "Hate crime" means a criminal act committed, in whole or in part, because of one or more of the following actual or perceived characteristics of the victim:

(1) Disability.

(2) Gender.

(3) Nationality.

(4) Race or ethnicity.

(5) Religion.

(6) Sexual orientation.

(7) Association with a person or group with one or more of these actual or perceived characteristics.

(b) "Hate crime" includes, but is not limited to, a violation of Section 422.6.

### CREDIT(S)

*(Added by Stats.2004, c. 700 (S.B.1234), § 6.)*

<General Materials (GM) - References, Annotations, or Tables>

### REFERENCES

### CROSS REFERENCES

Display and posting of bias-related discrimination and harassment information, see Education Code § 234.2.

Cal. Jur. 3d Criminal Law: Miscellaneous Offenses § 188, Overview.

Cal. Jur. 3d Criminal Law: Miscellaneous Offenses § 189, Substantive Crimes.

Cal. Jur. 3d Criminal Law: Miscellaneous Offenses § 193, Enhanced Punishment for Commission of Bias-Motivated Felony.

Cal. Jur. 3d Criminal Law: Miscellaneous Offenses § 194, Violation of Orders Issued in Civil Action.

CA Jur. 3d Criminal Law: Post-Trial Proceedings § 310, Circumstances Declared by Statute--Commission of Offense With Discriminatory Motive, or Within Place of Worship.

CA Jur. 3d Criminal Law: Post-Trial Proceedings § 320, "Specific Enhancements".

CA Jur. 3d Law Enforcement Officers § 19, Specific Courses for Law Enforcement Officers.

CA Jur. 3d Law Enforcement Officers § 20, Preparation of Guidelines for Police Agencies.

Cal. Civ. Prac. Civil Rights Litigation § 3:2, California's Statutes Prohibiting Hate Crimes.

Treatises and Practice Aids

California Jury Instructions - Criminal, 6th Ed. 8.28.1, Special Finding--First Degree Murder-- Hate Crimes (On or After January 1, 2005)

2 Witkin Cal. Crim. L. 3d Crimes Against Property § 245, (S 245) Punishment.

2 Witkin Cal. Crim. L. 3d Crimes Against Peace Welf § 20, (S 20) Arson or Explosives.

2 Witkin Cal. Crim. L. 3d Crimes Against Peace Welf § 410, (S 410) in General.

2 Witkin Cal. Crim. L. 3d Crimes Against Peace Welf § 411, (S 411) Validity of Statutes.

1 Witkin Cal. Crim. L. 3d Crimes Against the Person § 102, (S 102) in General.

1 Witkin Cal. Crim. L. 3d Criminal Elements § 35, (S 35) in General.

3 Witkin Cal. Crim. L. 3d Punishment § 305, Hate Crimes.

3 Witkin Cal. Crim. L. 3d Punishment § 459, Special Circumstances Not Involving Death Penalty.

8 Witkin, California Summary 10th Constitutional Law § 893, Schools and Education.

8 Witkin, California Summary 10th Constitutional Law § 895, Hate Crimes, Intimidation, and Threats of Violence.

### ANNOTATIONS

### NOTES OF DECISIONS

EXHIBIT·C

7   27

---

### NORTH KERN STATE PRISON
### INVESTIGATIVE SERVICES UNIT

---

Date:       June 22, 2004

To:         M. Junious
            Facility "B" Captain

Subject:    INCIDENT #NKP-B-04-05-0131
            RE: I/M BLACKMAN, CDC#: V-22349
            115 LOG # FB-04-05-0027

The above referenced incident package was submitted to the Kern County District Attorney's office to consider criminal prosecution for PC4501.

Offense: BATTERY ON AN INMATE.

Incident date: 05-26-04.

On June 22, 2004, North Kern State Prison Investigative Services Unit received notification that Kern County Deputy District Attorney, Chris White, DECLINED to prosecute this matter.

This memorandum completes the Investigative Services Unit's interest in this matter. If you have any questions regarding this case, please contact Court Liaison Officer J. Wescott at extension 5535.


D. McCall
Correctional Lieutenant
Investigative Services Unit

cc:     Warden                      Central-File
        Chief Deputy Warden         ISU File
        Unit Associate Warden       ISU Evidence Officer
        Facility Captain            Ad. Seg. CCI
        Facility Lieutenant         Inmate

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO | LOG NO. |
|---|---|---|---|---|---|---|
| V-22349 | BLACKMAN | | | NKSP-RC | FB84-120L | 05-0027 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3005(c) | BATTERY ON AN INMATE WITH A DEADLY WEAPON | FBB4 CELL 120 | 05-26-04 | 1139 Hrs |

CIRCUMSTANCES          On 05-26-04 at approximately 1139 hours, while performing my
duties as Fac-B, Bldg-4, Floor-#1 Officer. I heard yelling and a loud banging
noise coming from "C" Section of the building. I walked over to cell #120,
occupied by Inmates TROMENO E-36764/FBB4-120U and BLACKMAN, V-22349/FBB4-120L,
and saw both inmates sitting on the floor with injuries to their facial area.
I gave both inmates direct orders to lay down in a prone position. Both inmates
ignored my orders and continued sitting up and yelling at each other. Once
again I ordered both inmates to laydown in a prone position, in which they
refused. At that time, I saw I/M BLACKMAN raise his left hand holding a metal
bar measuring approximately 14 inches, and yelling at I/M TROMENO. I activated
my Personal Alarm Device (PAD) and ordered both inmates to "get down in a prone
position". Both inmates complied, and I/M BLACKMAN threw the metal bar under
his bunk area. Facility-B yard staff arrived, and cell #120 was opened.
I/M TROMENO crawled out of the cell, and C/O D. Rodgers placed Mechanical
                        (Continued on Part-C Page-2)

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| J. CREEL C/O | 5-31-04 | FBB4 FLR # 1 OFFICER | M/T |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| SGT. A. DAY | 5-31-04 | DATE 5-31-04 | LOC. |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | A 1 | 5-31-04 | | ☐ HO  ☒ SHO  ☐ SC  ☐ FC |

| COPIES GIVEN INMATE BEFORE HEARING | | | | |
|---|---|---|---|---|
| ☒CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
| ☐INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |

HEARING                     PLEA: NOT GUILTY     FINDINGS: GUILTY
ADJUDICATION: On 07-02-04, at approximately 1215 hours, I/M BLACKMAN, V22349, appeared before
this Senior Hearing Officer. I/M BLACKMAN acknowledged that he was in good health. Subject's
TABE score is unavailable, as he has not yet tested. Mental Health: I/M BLACKMAN is a
participant in the Mental Health Services Delivery System at the CCCMS level of care).
Subject's alleged behavior was not deemed bizarre, unusual or uncharacteristic. A CDC-115X
was not completed. The subject was advised of the charges against him and the purpose of this
hearing.
TIME CONSTRAINTS: All time constraints were met. Subject acknowledged receiving a copy of
all pertinent documentation 24 hours prior to the hearing and is ready to proceed.
DUE PROCESS: This matter has been referred to the Kern County District Attorney for criminal
prosecution. I/M BLACKMAN requested this hearing be postponed pending D.A. referral for
prosecution, as documented by his signature on the CDC-115A dated 06-02-04. On June 22, 2004,
North Kern State Prison Investigative Services Unit received notification that Kern County
Deputy District Attorney, Chris White declined to prosecute this matter.

                        ( CONTINUED ON PART-C/PAGE-1 OF 3 )

REFERRED TO  ☐ CLASSIFICATION   ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| LT. R.J. ROTE | | | |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|
| CAPTAIN M. JUNIOUS | | CDO J.HUTCHINS | |

| ☒COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|

CDC 115 (7/88)

# MONTEREY COUNTY

## OFFICE OF THE DISTRICT ATTORNEY
## DEAN D. FLIPPO
240 CHURCH STREET – P.O. BOX 1131 SALINAS, CALIFORNIA 93902
(831) – 755-5070        FAX (831) – 755-5068

March 5, 2008

M.S. Evans, Warden (A)
Salinas Valley State Prison
31625 Hwy. 101
P.O. Box 1020
Soledad, CA  93960-1020

RE:  *To my* **BLACKMAN – V22349**  *Transfer to High Desert State Prison*

Your incident report dated August 28, 2007 has been reviewed and evaluated. We decline
prosecution as we feel this matter could best be handled administratively.
*on Battery on an Inmate with a Deadly weapon*

Very truly yours,

DEAN D. FLIPPO
District Attorney

Cynthia Jewett,
Deputy District Attorney

I.R.  SVP-07-08-0564
Orig. Central File
Cc:   Assoc. Warden's File
       Facility Captain
       Inmate ISU File

RECEIVED
MAR 1 1 2008
ASSOCIATE WARDEN. OPS

804 Sent To Records On 9/4/07 By CWCReyes

STATE OF CALIFORNIA          DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

D5-117

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| V-22349 | BLACKMON | | 9/7/2002 | SVSP | B9-149 | S07-08-002 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR §3005(c) | BATTERY ON INMATE WITH WEAPON | FAB4-142 | 08/27/07 | 2330 HRS. |

CIRCUMSTANCES

On August 27, 2007, at about 2330 hours, while performing my duties as 'A' Facility Sergeant, I received a phone call from Correctional Officer D. Maldonado 'A' Facility 3/4 Floor Officer requesting me to come to Building 4, that the inmates in cell 142, Inmate Wright, J-77130, and Inmate BLACKMON, V-22349, wanted to see me about a possible cell move because they were not getting along. Myself and Officer Rodriguez proceeded to Building 4 from the 'A' Facility Program Office. Myself and Officer Rodriguez arrived at Building 4 and proceeded to cell 142 occupied by Inmates Wright and BLACKMON. BLACKMON was seated in his wheel chair directly in front of his door. Inmate Wright was laying on the top bunk with blood running down his face from the bridge of his nose saying, "He hit me with his cup." Inmate BLACKMON then stated, "I hit him so take me to Ad-Seg." At that time I called for Officer Arreola via radio to report to Building 4. I instructed Officer Rodriguez to open the Food/Cuff port and apply waist chains to Inmate BLACKMON. I then instructed the control booth officer to open cell 142's door. I ordered Officer Arreola

(Continued On Part C)

Inmate BLACKMON **is not** a participant in the Mental Health Services Delivery System.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| L. Watson, Correctional Sergeant | 09-03-07 | Fac. "A" Sergeant | Th/Fri |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING |
|---|---|---|
| | 9/4/4 | |

| | | DATE | | LOC. |
|---|---|---|---|---|
| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
| ☐ ADMINISTRATIVE | A-1 | 9/4/07 | Conle | ☐ HO ☑ SHO ☐ SC ☐ FC |
| ☑ SERIOUS | | | | |

COPIES GIVEN INMATE BEFORE HEARING

| | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| ☑ CDC 115 S07-08-0027 | G. Ruel | 9/4/7 | 1534 | ☐ D.A. REFUSAL MEMO ☐ J.E. ☑ S.A |
| ☑ INCIDENT REPORT LOG NUMBER: SP-CEN-07-08-054 | CWOCReyes | 9/6/04 | 1010 | BY: (STAFF'S SIGNATURE) G. Ruel |

HEARING

Plea: On 04/04/08, at approximately 1240 hours, Inmate BLACKMON refused to attend this hearing as witnessed by Officers J.R. Moore and T. Borges. This Senior Hearing Officer therefore elects to accept Inmate BLACKMON's refusal as a waiver of attendance and conducted the hearing in absentia. This SHO enters a plea of NOT GUILTY on his behalf.

Findings: Inmate BLACKMON was found GUILTY of CCR §3005(c), specifically "Battery On Inmate With Weapon" a Division "A-1" offense. This finding is based on the preponderance of evidence presented at the hearing which does substantiate the charge. The evidence presented at the hearing included: SEE CDC-115-C.

Disposition: Inmate BLACKMON assessed 360 days forfeiture of credits in accordance with a Division "A-1" offense per CCR §3323. Inmate BLACKMON assessed 90 days Loss Of Privileges starting: 04/04/08 to 07/04/08. Loss of Privileges to include: no canteen, no telephone calls, no special purchases and no quarterly packages.

Additional Disposition: Inmate BLACKMON will be counseled, warned and reprimanded upon issuance of the final copy.

Classification Referral: Refer to ICC for program review.

| REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA | | | |
|---|---|---|---|
| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
| N. Walker, Correctional Lieutenant | | 4/4/08 | 1240 |
| REVIEWED BY: (SIGNATURE) K. Jones, Captain | DATE 4-22-08 | CHIEF DISCIPLINARY OFFICER'S SIGNATURE B. Hedrick, C.D.O. B. Hedrick | DATE 4/22/08 |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) G. Ruel | | DATE 4/24/08 TIME 1930 |

CDC 115 (7/88)



# KERN VALLEY STATE PRISON
## DISTRICT ATTORNEY REFERRAL STATUS REPORT

Date:       March 26, 2010

To:         Facility C Captain

Subject:    KVSP-FC8-10-03-0157

B1-124L

INMATE NAME AND CDCR NUMBER: Blackman V22349

INCIDENT DATE: 03/19/10

REFERENCE **DECLINED PER MEMORANDUM** The above case was evaluated for referral to the District Attorney and the following decisions was made:

☐ Referred to District Attorney on _____

☐ Referred to District Attorney on _____ however, the Kern County District Attorney's Office declined the case due to insufficient evidence and in the interest of justice on DATE.

☒ Upon further review, this incident does not meet the criteria for a referral and should be handled administratively.

The above is pursuant to revision of the California Code of Regulations, Title 15, Section 3316, which allows discretionary referral of criminal cases.

This is not a confidential document and may be shared with the involved inmate(s).

Any questions may be resolved via the Court Liaison Officer Garcia at extension 4984.

J. Ostrander
Investigative Lieutenant
Kern Valley State Prison

Cc: C.C. II
    Records
    Facility Captain

Notice Due To Kern County Deputy District Attorney office Depriving Plaintiff of His Liberty To (Appear) In Court for A Competency Hearing In 48. Hours on Criminal Charges Filed Against Plaintiff on 5-26-04 And on 8-27-07 And on 3-19-10 And on 7-8-03 To Coverup Plaintiff False Imprisonment See case Law on / Moran V. Godinez 57. F.3d. 690 695 (9th Cir 1994) on State Court Competency Hearing

STATE OF CALIFORNIA
**RULES VIOLATION REPORT**   80A SENT TO RECORDS ON _____ BY _____

DEPARTMENT OF CORRECTIONS

01-1322

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| V22349 | BLACKMAN | MEPD 3/18/2063 | KVSP | FCB8-107 | 10050 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR §3005(d)  CONDUCT | THREATENING A PEACE OFFICER | FCB8-107 "A-Sect" | 03/19/10 | 0625 |

**CIRCUMSTANCES**

On Friday, March 19, 2010, at approximately 0625 hours, while working as Facility C, Building 8, Recreation Officer, I was approached by inmate BLACKMAN (V22349, FCB8-107L) during the morning chow, in regards to a CDC-602 Appeal. As BLACKMAN was returning to his cell he began to yell in a loud voice, "I want my 602 taken care of. I want my 602 taken care of." As the cell door was closing, BLACKMAN then stated, "Lee, I'm going to get you, I'm going to stab you in your white neck." As I approached the cell door, BLACKMAN then stated, "When I have a black Officer next to me, I'm going to jump you." At this time, Facility C, Sergeant Parrett was notified and BLACKMAN was placed in Mechanical Restraints and escorted out of the building. Due to Inmate BLACKMAN's past history of "Staff Assaults," and the anger he displayed during these statements, I feel that BLACKMAN has the means to inflict injury to myself and to carry out these threats when he has the opportunity. At this time I feared for my safety.

SUBJECT READING LEVEL IS/IS NOT GREATER THAN 4.0
SUBJECT DID/DID NOT DISPLAY BIZARRE, UNUSUAL OR UNCHARACTERISTIC BEHAVIOR.
SUBJECT IS A PARTICIPANT IN THE MENTAL HEALTH DELIVERY SYSTEM, AT THE EOP LEVEL OF CARE.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ D. LEE, CORRECTIONAL OFFICER  D. Lee | 3-19-10 | FCB8-REC. OFFICER | S/S/H |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| ▶ R. PARRETT, CORRECTIONAL SERGEANT | | DATE 3/19/10  LOC. B1-124 | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE  ☐ SERIOUS | E 31-60 | 3/23/10 | ▶ X. CANO, CAPTAIN, FACILITY C | ☐ HO  ☐ SHO  ☐ SC  ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☐ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | | 3/24/10 | 1010 | CDC 115X MH Assessment |

| ☐ INCIDENT REPORT  LOG NUMBER: KVSP  FCP-10-03-0157 | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| | | 3/25/10 | 1400 | ▶ | 3/31/10 | |

HEARING: A Memo dated 3/26/10 given to Inmate Blackman at 3/29/10
by 1010ms

Plea: Not Guilty
Finding: Guilty
FOC 60 days
LOP 90 days Placed in Priv. Group C

| REFERRED TO   ☐ CLASSIFICATION   ☐ BPT/NAEA | | | | |
|---|---|---|---|---|
| ACTION BY: (TYPED NAME) | | SIGNATURE | DATE | TIME |
| M. TEFFRYS, Lieutenant | | ▶ M. Walker, Lt | 4/21/10 | 1530 |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|
| ▶ X. CANO, CAPTAIN, FACILITY C | 4/22/10 | ▶ R. GROSSOM, A.W. COMPLEX II | 4/29/10 |

| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|
| | ▶ | 5/3/10 | |

CDC 115 (7/88)

97

MINUTE ORDER
SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE PRINTED: 12/08/03

------------------------------------------------------------------------
CASE NO. BA250138

THE PEOPLE OF THE STATE OF CALIFORNIA
                        VS.
DEFENDANT 01:  TONY   BLACKMAN

------------------------------------------------------------------------

INFORMATION FILED ON 08/07/03.


COUNT 01: 664-211 PC FEL  - ATTEMPT ROBBERY.
COUNT 02: 422 PC FEL  - MAKING A TERRORIST THREAT..
COUNT 03: 422 PC FEL  - MAKING A TERRORIST THREAT..


ON 12/08/03 AT  830 AM  IN LASC -CENTRAL DEPT 122

CASE CALLED FOR PROBATION AND SENTENCE HEARING

PARTIES: CRAIG E VEALS (JUDGE)  BERNARD J. COSME  (CLERK)
         MONICA MOORE        (REP)  MICHELE L. PINCUS  (DA)

DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY RAYMOND B SCHWEIGER DEPUTY
PUBLIC DEFENDER

BAIL SET AT NO BAIL

- BK # 7759 880   X-14245          DA: MICHELLE PINCUS # 189689


DEFENDANT WAIVES JURY TRIAL ON THE PRIOR ALLEGATIONS.

DEFENDANT ADMITS ALLEGATIONS PURSUANT TO SECTIONS 1170.12(A)-(B)
667(B)-(I), AND 667.5(B) PENAL CODES:
- A751248   211 PC        07/18/1984        LOS ANGELES, CA
- #50958    211 PC        02/22/1994        CASC/NEVADA
- #50958    211 PC        02/22/1994        CASC/NEVADA
- C25820    12020(A) PC   01/13/1989        SOLANO, CA

PROBATION AND SENTENCING ARE CONTINUED TO THE DATE INDICATED
BELOW.

COURT ORDERS AND FINDINGS:

-THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.

WAIVES STATUTORY TIME.

NEXT SCHEDULED EVENT:

                              PROBATION AND SENTENCE HEARING
             PAGE NO.   1     HEARING DATE: 12/08/03

7

EXHIBIT. D

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

TONY BLACKMAN,                                         Case No.          2:16-CV-02860-AC
  Plaintiff(s)/Petitioner(s).

                                                              ORDER RE CONSENT
VS.                                                      OR REQUEST FOR REASSIGNMENT

DANIEL A. PARAMO, ET AL.,
  Defendant(s)/Respondents(s).

      This case was randomly assigned to a Magistrate Judge. A Magistrate Judge may perform the duties assigned pursuant to
28 U.S.C § 636(c) and Eastern District Local Rule 302. However, a Magistrate Judge may not preside over the trial in this case or
make dispositive rulings without all parties' written consent. 28 U.S.C. § 636(c). If the parties do consent, a Magistrate Judge may
conduct all proceedings and enter judgment in the case subject to direct appellate review by the Ninth Circuit Court of Appeals. If
a party declines to consent, a Magistrate Judge shall continue to perform all duties as required by Eastern District Local Rule 302.

      Therefore, within 30 days, the parties shall complete and return this form to the court.

      However, the parties are advised that they are free to withhold consent without adverse substantive consequences.

IT IS SO ORDERED.

Dated:         12/7/16                                      /s/  —  Allison Claire
                                                               United States Magistrate Judge

---

**IMPORTANT:**  You must check and sign only one section of this form and return it to the Clerk's Office within 30 days.

---

☐        *CONSENT* TO JURISDICTION OF A UNITED STATES MAGISTRATE JUDGE

The undersigned hereby voluntarily consents to have a United States Magistrate Judge conduct all further proceedings
in this case.

                                        Signature: _____

Date: _____

                                        Print Name: _____

                                        ( ) Plaintiff/Petitioner  ( ) Defendant/Respondent ( ) Counsel for *

---

☒        *DECLINE* OF JURISDICTION OF A UNITED STATES MAGISTRATE JUDGE AND REQUEST FOR
            REASSIGNMENT TO UNITED STATES DISTRICT JUDGE

The undersigned declines to consent to a United States Magistrate Judge and requests random assignment to a United States
District Judge.

                                        Signature:  Tony Blackman

Date: 12-14-2016

                                        Print Name:  TONY BLACKMAN

                                        (✗) Plaintiff/Petitioner  ( ) Defendant/Respondent ( ) Counsel for *

---

*If counsel of record, list name of each party responding: _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

_____

v.                                                    Case Number:

_____

                                                      PROOF OF SERVICE

_____ /

  I hereby certify that on   _____, I served a copy

of the attached   _____,

by placing a copy in a postage paid envelope addressed to the person(s) hereinafter

listed, by depositing said envelope in the United States Mail at

_____ :

(List Name and Address of Each
Defendant or Attorney Served)

        I declare under penalty of perjury that the foregoing is true and correct.

_____

(Signature of Person Completing Service)

EXHiBiT A

# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF CALIFORNIA
Office of the Clerk
501 "I" Street
Sacramento, CA 95814

Marianne Matherly
Clerk of Court

Divisional Office
2500 Tulare Street
Fresno, CA 93721

December 7, 2016

Case Number:     2:16–CV–02860–AC

Head wARden

Case Title:     TONY BLACKMAN,          vs.     DANIEL A. PARAMO, ET AL. Terminated

Dear Litigant,

You are hereby notified that the above case number has been assigned to your action.  You are to include the complete case number on all documents sent to the court for filing in this case.  Failure to do so results in delayed processing of your documents.

All matters in this action shall be sent to the following address until further notice:

Office of the Clerk
United States District Court
Eastern District of California
501 "I" Street , Suite 4–200
Sacramento, CA 95814

For timely processing of your pleadings or correspondence, please comply with our Local Rules of Court, in particular:

Local Rule 133  The court requires an original plus one copy of each document sent for filing.  If you desire to receive a conformed copy for your records, you must send an original and two copies of your document and a pre–addressed postage–paid envelope for us to return your copy to you.

Local Rule 135  Once the defendant(s) have served a responsive pleading, you are under an ongoing duty to serve them with copies of all documents you submit to the court.  A proof of service shall be attached to the original of any document lodged or filed with the court, showing the date, manner and place of service.  A sample proof of service is attached.

Local Rule 130  Documents submitted to the court must be legible, on 8–½ " x 11" paper, with writing on one (1) side of the page only.  Each separate document must be stapled at the top left corner and pre–punched with two (2) holes centered 2–¾" apart, ½" from the top edge of the page. Each page should be numbered consecutively at the bottom.

Local Rule 132  Every document submitted to the court must include your name, address and prisoner identification number in the upper left hand corner of the first page.  The caption on the first page must include the title of this court, the title of the action, the case number assigned to this action (including all initials and letters that follow the number), and the title of your document.  If you are pursuing more than one action in this court, you must submit a separate original original document and the appropriate number of copies for each action in which you want the document filed.

State of California

# Memorandum

Date     March 12, 2013

To       All Concerned

Subject  INSTITUTIONAL MAIL

The Richard J. Donovan Correctional Facility (RJDCF) will NO longer be using P.O. Boxes 799001-799007 as an address for Institutional Mail. Please use the following address for ALL Institutional Mail:

Richard J. Donovan Correctional Facility
Attn: Your Department's Name
480 Alta Road
San Diego, CA 92179

The Inmate population will use the following address:

Richard J. Donovan Correctional Facility
Inmates Name, CDC#, Housing Unit Number
480 Alta Road
San Diego, CA 92179

The United States Postal Service has informed RJDCF that P.O. Boxes 799001-799007 will still be honored as deliverable mail to the Institution with no time period restriction. However, this may change in the future. Mail will be delivered to RJDCF based on the zip code of 92179.

All departments will need to communicate the cancellation of the P.O. boxes at RJDCF and forward the correct address to all agencies with which our Institution conducts business. The Inmate Population will also be notified of the address change.

DANIEL PARAMO
Warden
Richard J. Donovan Correctional Facility

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Office of the Clerk

501 "I" Street

Sacramento, CA 95814

Marianne Matherly

Clerk of Court

Divisional Office

2500 Tulare Street

Fresno, CA 93721

December 23, 2014

RECEIVED

JUN 04 2015

HOSP HC APPEALS

Case Number:    2:14-CV-02958-KJN

DIRECTOR OF CORRECTION
M.D.

Case Title:    TONY BLACKMAN,    vs.    STAINER, ET AL.

Dear Litigant,

You are hereby notified that the above case number has been assigned to your action. You are to include the complete case number on all documents sent to the court for filing in this case. Failure to do so results in delayed processing of your documents.

All matters in this action shall be sent to the following address until further notice:

Office of the Clerk

United States District Court

Eastern District of California

501 "I" Street , Suite 4-200

Sacramento, CA 95814

For timely processing of your pleadings or correspondence, please comply with our Local Rules of Court, in particular:

Local Rule 133  The court requires an original plus one copy of each document sent for filing. If you desire to receive a conformed copy for your records, you must send an original and two copies of your document and a pre-addressed postage-paid envelope for us to return your copy to you.

Local Rule 135  Once the defendant(s) have served a responsive pleading, you are under an ongoing duty to serve them with copies of all documents you submit to the court. A proof of service shall be attached to the original of any document lodged or filed with the court, showing the date, manner and place of service. A sample proof of service is attached.

Local Rule 130  Documents submitted to the court must be legible, on 8-½" x 11" paper, with writing on one (1) side of the page only. Each separate document must be stapled at the top left corner and pre-punched with two (2) holes centered 2-¾" apart, ½" from the top edge of the page. Each page should be numbered consecutively at the bottom.

Local Rule 132  Every document submitted to the court must include your name, address and prisoner identification number in the upper left hand corner of the first page. The caption on the first page must include the title of this court, the title of the action, the case number assigned to this action (including all initials and letters that follow the number), and the title of your document. If you are pursuing more than one action in this court, you must submit a separate original original document and the appropriate number of copies for each action in which you want the document filed.

California                                                    Department of Correcti    :habi

# Memorandum

Date    :    December 17, 2013

To      :    All Inmates


Subject:    **MANDATORY RANDOM URINALYSIS PROGRAM**

The purpose of this memorandum is to notify the inmate population at all adult institutions that effective January 2014 the California Department of Corrections and Rehabilitation will implement a Mandatory Random Urinalysis Program whereby all inmates will be subject to mandatory random urinalysis testing.

It is expected when you are selected to provide a sample you do so in a timely manner. All positive results and refusals will result in disciplinary action in accordance with the California Code of Regulations (CCR), Title 15, section 3016, 3290, and 3315.

Testing is in addition to any other testing requirements an inmate may be subject to based on the disposition of a disciplinary hearing, participation in a substance abuse treatment program, or other random selection, mandatory testing lists, and the criteria as described in CCR, Title 15, Section 3290, "Methods for Testing of Controlled Substances or for use of Alcohol."


M. D. STAINER
Director
Division of Adult Institutions  TeRmiNaTed

cc: Kelly Harrington, Deputy Director, Facility Operations
    Associate Directors, Division of Adult Institutions
    Wardens  TeRmiNaTed

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF CALIFORNIA

Sacramento Clerk's Office
501 "I" Street , Suite 4-200
Sacramento, CA 95814
916-930-4000

Fresno Clerk's Office
2500 Tulare Street , Suite 1501
Fresno, CA 93721
559-499-5600

May 25, 2007

Case Number:   1:07-CV-00764-OWW-DLB

Case Title:   TONY BLACKMAN,   vs. L. HOOGLANDY, ET AL.,   ~Head chief Inmate Appeal officer   Terminated~

Dear Litigant,

You are hereby notified that the above case number has been assigned to your action.  You are to include it on all correspondence (i.e. letters, pleadings, and inquiries) sent to the court. Failure to do so results in delayed processing of your documents.

All matters in this action shall be sent to the following address until further notice:

Office of the Clerk
United States District Court
Eastern District of California
2500 Tulare Street , Suite 1501
Fresno, CA 93721

For timely processing of your pleadings or correspondence, please comply with our Local Rules of Court, in particular:

Local Rule 5-133 The court requires an original plus one copy of all pleadings, motions, correspondence, etc., sent for filing.  If you desire to receive a conformed copy for your records, you must send a third copy of your pleading and a pre-addressed postage-paid envelope for us to return your copy to you.

Local Rules 30-250, 33-250, 34-250 and 36-250 Discovery requests or responses should not be submitted to the court unless they are relevant and necessary to support or oppose a motion at issue before the court.

Local Rule 5-135 Once the defendant(s) have served a responsive pleading, you are

Ex-3- B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

Sacramento Clerk's Office
501 "I" Street , Suite 4-200
Sacramento, CA 95814
916-930-4000

Fresno Clerk's Office
2500 Tulare Street , Suite 1501
Fresno, CA 93721
559-499-5600

OCTOBER 12, 2007

Case Number:   1: 07-CV-01447-LJO-GSA

Case Title:   TONY BLACKMAN   vs.   THIRD APPELLATE COURT JUDGE
RICHARD M. SIMS (Filed). . . . .

Dear Litigant,

    You are hereby notified that the above case number has been assigned to your
action.  You are to include it on all correspondence (i.e. letters, pleadings, and inquiries)
sent to the court. Failure to do so results in delayed processing of your documents.

        All matters in this action shall be sent to the following address until further notice:

Office of the Clerk
United States District Court
Eastern District of California
2500 Tulare Street , Suite 1501
Fresno, CA 93721

    For timely processing of your pleadings or correspondence, please comply with our
Local Rules of Court, in particular:

    Local Rule 5-133 The court requires an original plus one copy of all pleadings,
motions, correspondence, etc., sent for filing.  If you desire to receive a conformed copy for
your records, you must send a third copy of your pleading and a pre-addressed postage-
paid envelope for us to return your copy to you.

    Local Rules 30-250, 33-250, 34-250 and 36-250 Discovery requests or responses
should not be submitted to the court unless they are relevant and necessary to support or
oppose a motion at issue before the court.

    Local Rule 5-135 Once the defendant(s) have served a responsive pleading, you are

IN THE

# Court of Appeal of the State of California

IN AND FOR THE

## THIRD APPELLATE DISTRICT

FILED

AUG 24 2006

COURT OF APPEAL - THIRD DISTRICT
DEENA C. FAWCETT

By _____ Deputy

In re TONY BLACKMAN on Habeas Corpus.

C053448
Monterey County
No.

BY THE COURT:

The petition for writ of habeas corpus is denied.

Dated: August 24, 2006

SIMS, Acting P.J.

Richard m. Sims
-----------------------------------

cc: See Mailing List

IN THE

# Court of Appeal of the State of California

IN AND FOR THE

## THIRD APPELLATE DISTRICT

# FILED

FEB - 1 2007

COURT OF APPEAL - THIRD DISTRICT
DEENA C. FAWCETT

In re TONY BLACKMAN on Habeas Corpus.

BY_____ Deputy

C054710
Monterey County
No.

BY THE COURT:

The petition for writ of habeas corpus is denied.

Dated: February 1, 2007

SCOTLAND, P.J.

ARThuR C. ScoTLAnd
----------------------------------

cc: See Mailing List

*PRooF of SERVICE FEDERAL COURT RESTRAINING ORDER*
*FROM I*                                                    *3⅟*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

*FRESNO CALIF*

Sacramento Clerk's Office
501 "I" Street , Suite 4–200
Sacramento, CA 95814
916–930–4000

Fresno Clerk's Office
2500 Tulare Street , Suite 1501
Fresno, CA 93721
559–499–5600

### November 28, 2006

Case Number:  1:06–CV–01682–AWI–WMW –PC

*Took Jurisdiction of South District*
*U.S. Federal*

*Salinas Valley State Prison Employee*

Case Title:   **TONY BLACKMAN,**   vs. **E. MAZARIEGO, ET AL.,**   *"Fired" Due To*

*The Violation of my First Amendment*
*Right: Remember IN*
*Soledad CALIF*

Dear Litigant,

You are hereby notified that the above case number has been assigned to your action. You are to include it on all correspondence (i.e. letters, pleadings, and inquiries) sent to the court. Failure to do so results in delayed processing of your documents.

All matters in this action shall be sent to the following address until further notice:

*Notice All DISCRimination Hate Crime AgAINST (ADA) Inmates must be Reported*
*Reported*

Office of the Clerk
**United States District Court**
**Eastern District of California**
**2500 Tulare Street , Suite 1501**
**Fresno, CA 93721**

For timely processing of your pleadings or correspondence, please comply with our Local Rules of Court, in particular:

Local Rule 5–133 The court requires an original plus one copy of all pleadings, motions, correspondence, etc., sent for filing.  If you desire to receive a conformed copy for your records, you must send a third copy of your pleading and a pre–addressed postage–paid envelope for us to return your copy to you.

Local Rules 30–250, 33–250, 34–250 and 36–250 Discovery requests or responses should not be submitted to the court unless they are relevant and necessary to support or oppose a motion at issue before the court.

Local Rule 5–135 Once the defendant(s) have served a responsive pleading, you are

EXHIBIT. D

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

Sacramento Clerk's Office                           Fresno Clerk's Office
501 "I" Street , Suite 4–200                        2500 Tulare Street , Suite 1501
Sacramento, CA 95814                                Fresno, CA 93721
916–930–4000                                        559–499–5600

July 2, 2007

Case Number:   1:07–CV–00946–AWI–WMW   Took Jurisdiction of central district Southern district u.s Federal court For Los Angeles calif

Case Title:    TONY BLACKMAN,       vs.  STEVEN R. VAN SICKLEN, ET AL.,

Dear Litigant,

    You are hereby notified that the above case number has been assigned to your
action.   You are to include it on all correspondence (i.e. letters, pleadings, and inquiries)
sent to the court. Failure to do so results in delayed processing of your documents.

        All matters in this action shall be sent to the following address until further notice:

                        Office of the Clerk
                    United States District Court
                    Eastern District of California
                    2500 Tulare Street , Suite 1501
                        Fresno, CA 93721

    For timely processing of your pleadings or correspondence, please comply with our
Local Rules of Court, in particular:

    Local Rule 5–133 The court requires an original plus one copy of all pleadings,
motions, correspondence, etc., sent for filing.   If you desire to receive a conformed copy for
your records, you must send a third copy of your pleading and a pre–addressed postage–
paid envelope for us to return your copy to you.

    Local Rules 30–250, 33–250, 34–250 and 36–250 Discovery requests or responses
should not be submitted to the court unless they are relevant and necessary to support or
oppose a motion at issue before the court.

    Local Rule 5–135 Once the defendant(s) have served a responsive pleading, you are

CM/ECF - U.S. District Court for Eastern California - Docket Report          Page 1 of 4

CLOSED, PRISONER_CIVIL_RIGHTS

## U.S. District Court
### Eastern District of California - Live System (Sacramento)
### CIVIL DOCKET FOR CASE #: 2:99-cv-01285-EJG-DAD

(PC) Blackman v. Davis, et al                      Date Filed: 07/01/1999
Assigned to: Senior Judge Edward J. Garcia         Nature of Suit: 550 Prisoner: Civil
Referred to: Magistrate Judge Dale A. Drozd        Rights
Demand: $856 7million dollars                       Jurisdiction: Federal Question
Cause: 42:1983 Prisoner Civil Rights

### Plaintiff

Tony Blackman                          represented by   Tony Blackman / new # No. V-22349
case No. V-22349                                        J-09869
                                                        3957 Hillcrest Drive
                                                        Apt 1
                                                        Los Angeles, CA 90008
                                                        PRO SE

V.

### Defendant

Gray Davis

### Defendant

California Attorney General            represented by   Allen Robert Crown
                                                        Attorney General's Office for the State
Notice of Civil Docket Report entry 12-27-05            of California
is To Show That Former Governor of Calif              PO Box 944255
mr. Gray Davis was Suited In the Federal              1300 I Street
court For Allowing the C.D.C. Prison                  Suite 125
employees To Deprive Tony Blackman                    Sacramento, CA 94244-2550
of His Civil Rights which Resulted In                 916-445-9555
ex Governor Calif /Attorney General                   LEAD ATTORNEY
John W. Cavanagh Being Terminated"                    ATTORNEY TO BE NOTICED
For Allowing State Prison employees To
Deprive Tony Blackman of His Civil Rights             Joan W Cavanagh
within /See Case law on Beck v. Ohio                  Attorney General's Office for the State
79 us 89 95 U.S Supreme court. 229 15 L               of California
S. 2d. 142 / (1949) on Probable Cause To             PO Box 944255
conduct an investigation on to State                  1300 I Street
of law employees For Depriving Tony                   Suite 125
Blackman of His Civil Rights In 2003                  Sacramento, CA 94244-2550
of my Discrimination from unfair                      916-445-9555
                                                        Fax: 19163235345
                                                        TERMINATED: 07/02/1999

under an ongoing duty to serve them with copies of all documents you submitted to the court.
A proof of service shall be attached to the original of any document lodged or filed with the
court, showing the date, manner and place of service. A sample proof of service is
attached.

Local Rule 7–130 Documents submitted to the court must be legible, firmly bound
at the top left corner, pre–punched with two (2) holes centered 2–¾" apart, ½ " from the
top edge of the page and writing shall be on one (1) side of the page only.

Local Rule 7–132 Every document submitted to the court must include your name,
address and prisoner identification number in the upper left hand corner of the first page.

Local Rules 83–182 Each party appearing in propria persona is under a continuing
duty to notify the Clerk and all other parties of any change of address by filing separate
notice; absent such notice, service at prior address shall be fully effective.

Other Provisions:
A complete copy of the Local Rules should be available in the prison library.   We do
not provide individual copies to litigants.

Request for Case Status The court will notify you as soon as any action is taken in
your case.  Due to the large number of civil actions pending before the court, THE CLERK
IS UNABLE TO RESPOND IN WRITING TO INDIVIDUAL INQUIRES REGARDING
THE STATUS OF YOUR CASE. As long as you keep the court apprised of your current
address, you will receive all court decisions which might affect the status of your case.

Copy Work The Clerk's Office does not provide copies of documents to parties.
Copies of documents may be obtained from the Attorney's Diversified Service (ADS) by
writing to them at: 741 N. Fulton Street, Fresno CA 93728, or by phoning 800–842–2695.
The court will provide copies of docket sheets at $0.50 per page.   Note: In Forma Pauperis
status does not include the cost of copies.

Proposed Orders Parties are not required to submit a proposed order when filing a
motion. If a proposed order is submitted, the court may disregard the order and prepare
its own order.

Jack L. Wagner, Clerk

United States District Court

by:  /s/  T. Lundstrom
Deputy Clerk

The following is a sample Proof of Service.   Pursuant to Rule 5 of the F.R.Cv.P. and Local Rule 5-135, each document filed after the court orders service in your case shall be served on opposing counsel and a proof of service attached to your document filed with the court.

597 F.Supp. 1388, Toussaint v. McCarthy, (N.D.Cal. 1984)

*1388  597 F.Supp. 1388

United States District Court,
N.D. California.

Joseph TOUSSAINT, et al., Plaintiffs,
v.
Daniel J. McCARTHY, et al.,
Defendants.

No. C-73-1422 SAW.

Oct. 18, 1984.

Inmates brought action challenging conditions of confinement in segregation. The grant of preliminary relief, 553 F.Supp. 1365, was affirmed in part and vacated in part by the Court of Appeals, 722 F.2d 1490. Following trial on the merits, the District Court, Weigel, Senior District Judge, held that: (1) conditions of confinement were unconstitutional with respect to such matters as double-celling, heating and ventilation, lighting, noise, plumbing, and storage and preparation of food; (2) there were inadequate provisions for access to courts; (3) inadequate clothing, laundry, and bedding was provided; and (4) injunctive relief was required to remedy violations.

Ordered accordingly.

West Headnotes

[1]   Sentencing and Punishment ⚖══1532

350H ----
    350HVII Cruel and Unusual Punishment in
    General
350HVII(H) Conditions of Confinement
350Hk1532 In General.

(Formerly 110k1213.10(1))

Court's judgment as to nature of standards imposed by the Eighth Amendment on conditions of confinement should be governed to the maximum possible extent by objective indicia of what the general public would consider decent.  U.S.C.A. Const.Amend. 8.

[2]   Prisons ⚖══17(.5)

310 ----
    310k17 Maintenance and Care of Prisoners
310k17(.5) In General.

(Formerly 310k17)

Prisoners may not be deprived of all exercise.

[3]   Sentencing and Punishment ⚖══1538

350H ----
    350HVII Cruel and Unusual Punishment in
    General
350HVII(H) Conditions of Confinement
350Hk1538 Housing.

(Formerly 110k1213.10(1))

If all other conditions are satisfactory, segregating inmates in cells which range between 45.5 square feet and 56 square feet is not inconsistent with minimum contemporary standards and decency and does not constitute cruel and unusual punishment.

[4]   Sentencing and Punishment ⚖══1553

350H ----
    350HVII Cruel and Unusual Punishment in
    General
350HVII(H) Conditions of Confinement
350Hk1553   Segregated    or    Solitary
Confinement.

(Formerly 110k1213.10(4))

Use of "quiet cells" with solid outside doors to confine lockup inmates constituted cruel and unusual punishment.  U.S.C.A. Const.Amend. 8.

[5]   Sentencing and Punishment ⚖══1553

350H ----
    350HVII Cruel and Unusual Punishment in
    General
350HVII(H) Conditions of Confinement
350Hk1553   Segregated    or    Solitary
Confinement.

(Formerly 110k1213.10(4))

Double-celling of segregated inmates at San Quentin and Folsom prisons under the conditions prevailing there was cruel and inhuman and violated the Eighth Amendment.  U.S.C.A. Const.Amend. 8.

[6]   Sentencing and Punishment ⚖══1553

350H ----
    350HVII Cruel and Unusual Punishment in
    General

*[handwritten notes at top, partially illegible]*



JOHN P. PUERNER
Publisher, President and
Chief Executive Officer

JOHN S. CARROLL
Editor

DEAN BAQUET
Managing Editor

JANET CLAYTON
Editor of the Editorial Pages

Deputy Managing Editors
JOSEPH HUTCHINSON
JOHN MONTORIO
LEO C. WOLINSKY

Assistant Managing Editors
JOHN ARTHUR
COLIN CRAWFORD
MARC DUVOISIN
SIMON K. C. LI
MELISSA McCOY
MIRIAM A. PAWEL
JOSEPH M. RUSSIN

Associate Editor
FRANK DEL OLMO

# Los Angeles Times

*[handwritten: EXHIB A]*

## STATE PRISONS' REVOLVING DOOR

# A System Geared to Failure

The riot at Folsom State Prison was just one indicator of the many failures in California's $5.7-billion prison and parole system, which even its new director, Roderick Q. Hickman, admits is "a revolving door of crime." However, Sens. Jackie Speier (D-Hillsborough) and Gloria Romero (D-Los Angeles), who chaired hearings on prison reform this week, were right to single out this fracas for the way it epitomizes two grave problems:

• *The system's tendency to provoke criminal conduct.* The riot was incited by prison officials who, instead of releasing inmates from two rival gangs to an outdoor yard a few at a time to maintain control, abruptly cut loose more than 80 inmates with conflicting gang affiliations.

• *The system's secrecy.* Capt. Douglas Pieper, seeing that one gang was about to attack the other, asked Associate Warden Mike Bunnell if he could "shut 'em down" — order inmates to lie on the ground. Bunnell replied "not yet." Seconds later, a melee broke out that hurt 24 inmates and left a guard paralyzed. When Sgt. Sam Cox found a videotape of Pieper and Bunnell's exchange, Folsom's warden told him to delete its audio. After refusing to "tamper with the evidence," Cox told legislators, "I was demoted." Almost a year ago, Pieper took his life. In a letter he left to his wife and 12-year-old daughter, he blamed himself for not stopping Bunnell — who was investigated but wound up working in the head office of the system.

The problems unearthed at this week's hearings require big responses. The first should be for Speier and Romero to get lawmakers to restore the $11-million budget of the inspector general, the independent watchdog who helped bring Pieper's story to light. That move would not only assuage wronged whistle-blowing guards but also save taxpayers money.

On Wednesday, Steve White, the inspector general from 1999 to 2003, told legislators his office had, for example, exposed how guards — some paid $100,000 a year — fetched inmate mail from the post office. Why? As White said to laughs, the Corrections Department "hadn't figured out" it could get mail delivered free.

Speier and Romero deserve praise for attacking this quagmire. But to reform this system, they need the support of voters, the media and their government colleagues, who all have forfeited too much sway over the system to the prison guards for too long.

Just how dire is it? While most involved in the issue thought former Department of Corrections Director Edward S. Alameida had left the prison system after resigning last month, officials disclosed Tuesday that he is just vacationing and will return to another managerial job in the system soon. If that isn't discouraging enough, the governor may appoint a stall-and-study panel on prison reform. That's the last thing California needs. It's past time to halt the secrecy, lack of accountability, tax waste and danger in the state's prisons.

*Dated 10-24-20...*
*copy is to Be Given to*
*Mr. Beltran In C-12/cell-120*

*Information Notice*

EXHIBIT A

USA TODAY

# Navy Yard shooter feared electromagnetic control

## Federal officials detail delusions, release video of Alexis stalking halls

Kevin Johnson and Doug Stanglin

WASHINGTON An increasingly delusional Aaron Alexis believed he was being controlled by low-frequency electromagnetic waves over a period of months, driving him last week to a deadly rampage and rage at the Washington Navy Yard, federal authorities said Wednesday.

Federal officials also released chilling excerpts of surveillance video showing Alexis, 34, armed with a sawed-off shotgun patrolling the halls and a stairwell of Building 197 at the naval complex, where he killed 12 and wounded four others.

In one segment, Alexis seeks cover behind a hallway corner like a soldier preparing for room-to-room combat.

In the fullest explanation yet of what prompted last Monday's massacre, Assistant FBI Director Valerie Parlave referred to communications recovered from Alexis' laptop and other electronic devices that indicated the military contractor believed he had been "targeted" by the low-frequency waves.

"Ultra-low frequency attack is what I've been subject to for the last three months," Alexis wrote in one message, "and to be perfectly honest that is what has driven me to this."

A reference to his obsession with the electromagnetic waves was found among a series of scrawled etchings on the 870 Remington shotgun used in the attack, one of which stated: "My ELF weapon."



An image from video provided by the FBI shows Aaron Alexis moving through the hallways of Building 197 at the Washington Navy Yard on Sept. 16, carrying a sawed-off Remington 870 shotgun.

FBI VIA AP

Other scrawled messages on the gun included: "End to the torment!" "Not what ya'll say." "Better off this way!"

Parlave said "ELF" is an apparent reference to the extremely low-frequency waves.

The assistant director said the ELF technology was a legitimate program for sub-tonal submarine communications. However, conspiracy theories suggest that the technology is used for government monitoring and manipulation of unsuspecting people.

"There are multiple indicators that Alexis held a delusional belief that he was being controlled or influenced by low-frequency electromagnetic waves," Parlave said.

One of those indicators emerged last month when police were called to a Newport, R.I. hotel room where

a distressed Alexis told officers that he was hearing voices through the floor and ceiling of his room.

An analysis of Alexis' writings, which Parlave said were apparently not shared with his family or friends, also indicate that Alexis viewed the Navy Yard assault as a likely suicide mission.

"There are indications that Alexis was prepared to die during the attack," Parlave said, "and that he accepted death as the inevitable consequence of his actions."

In all of the evidence gathered so far the assistant director said there is nothing to indicate that Alexis, who acted alone, was "targeting specific individuals."

A fuller timeline of last Monday's events show that more than hour had elapsed from the time Alexis shot his first victim at 8:16 a.m. in the "4

West" area of the building until the gunman was killed by police at 9 a.m.

As a private contractor assigned a information technology project the Navy Yard, authorities maintain that Alexis had legitimate access the property when at 7:53 a.m. entered a Navy Yard parking gar driving his rental Toyota Prius v New York license plates.

At 8:08 a.m., according to the F chronology, Alexis entered the buing with a valid pass and proceed to the fourth-floor restroom carry a backpack and a clipboard.

It is believed that Alexis assembl the weapon in the restroom bef emerging with the fully assembl shotgun which he brandished in surveillance video. He later obtai a Barretta handgun during the cou of the attack.

*See Back Page For more comment*

NOTICE STATE CAUSING
Civil WAR

125 Cal.Rptr. 286, 52 Cal.App.3d 500, Muszalski, In re, (Cal.App. 4 Dist. 1975)          Page 1

*286  125 Cal.Rptr. 286

52 Cal.App.3d 500

Court of Appeal, Fourth District, Division 2,
California.

In re Alexander J. MUSZALSKI on Habeas
Corpus.

Cr. 7329.
Oct. 27, 1975.

Hearing Denied Jan. 14, 1976.

Prisoner filed petition for a writ of habeas corpus to require the Department of Corrections to permit him and his attorney to inspect documents in his prison file maintained by the Department. The Court of Appeal, Kaufman, J., held that record established that administrative remedies provided by the Department for the submission and resolution of complaints by prison inmates were viable and efficacious so that inmate's failure to exhaust such remedies precluded the granting of petition.

Petition denied.

------- West Headnotes -------

[1] Administrative Law and Procedure ☞229

15A ----
  15AIII Judicial Remedies Prior to or Pending
  Administrative Proceedings
    15Ak229 Exhaustion of Administrative
    Remedies.

Generally, a litigant will not be afforded relief in courts unless and until he has exhausted available administrative remedies.

[2] Courts ☞107

106 ----
  106II Establishment, Organization, and
  Procedure
    106II(K) Opinions
      106k107 Operation and Effect in General.

A case is not authority for propositions neither considered nor discussed in the opinion.

[3] Habeas Corpus ☞277

197 ----          ID - 19 - 15
  197I In General
    197I(C) Existence and Exhaustion of Other
    Remedies
      197k275 Particular Issues and Problems
      197k277 Prisons; Conditions, Discipline,
      Transfer, Etc.

  (Formerly 197k3)

Fact that prisoner who brought habeas corpus proceeding seeking access to documents in his prison file maintained by Department of Corrections was seeking vindication of constitutional right of due process did not render doctrine of exhaustion of administrative remedies inapplicable.

[4] Habeas Corpus ☞725

197 ----
  197III Jurisdiction, Proceedings, and Relief
    197III(C) Proceedings
      197III(C)2 Evidence
        197k715 Criminal Proceedings, Weight and
        Sufficiency
    197k725 Sentence and Punishment.

  (Formerly 197k85.5(16))

Record established that administrative remedies provided by the Department of Corrections for submission and resolution of complaints by aggrieved inmates could be completed in sufficient time to permit inmate who sought access to his prison record to prepare for parole consideration hearing, for purposes of determining whether inmate was entitled to habeas corpus relief granting access to record without exhausting administrative appeal process.

[5] Prisons ☞13(10)

310 ----
  310k13 Custody and Control of Prisoners
    310k13(7) Requisites of Proceedings
      310k13(10) Review and Judicial Supervision.

  (Formerly 310k13)

Fact that the director of the Department of Corrections has the power to change rules and regulations of Department at any time does not evidence any inadequacy in appeals procedure provided by Department for complaints by inmates. West's Ann.Pen.Code, § 5058; West's Ann.Gov.Code, § 11371 et seq.

© 2005 Thomson/West. No claim to original U.S Govt. works.

Due To Extraordinary Circumstance Due To People Keep Saying That Until They Personally Experience Crime's of Power That Will Destroy People In The State of California People Will Not Believe Its A Civil War For The FIRST Amendment Rights In 2017 And IF 500 To 5000 People In California Don't RUSH AFTER This Notice To Use A Cellphone Or A Telephone To Call 500 To 5000 People In California To Rush To Remove The Fuse out of The Fuse Box In The old Chief Inmate Appeal office Building Between The State Capitol Building And F B I Building In Sacramento. California or RUSH To Use A Big Truck To Knockdown The Telephone Pole Telephone Pole Telephone Pole Telephone Pole Telephone Pole Telephone Pole Telephone Pole Telephone Pole Telephone Pole Telephone Pole 25 Blocks From The State Capitol Building In SACRAMENTO CALIFORNIA

or Light Skin Black Female U S Army Sergeant Ms J. Davis And Her Army Team Who's Listening To People A Lover California Using Scientific Nuclear Power Space Satellite Radio. To Try To WARN People To Reason With Star Witness T. Blackman co # no V-22349 or U.S. Army Sgt Ms J Davis And Her Army Team Will Have To Fire Scientific Nuclear Power Radio-Waves Pressure Bomb's In Sacramento And Fresno Calif To Knockdown Those Telephone Pole Power lines To Cut off There Electricity Power Just Like They Almost Did In Soledad California In 2012 To Warn People To Reason With T Blackman Who's In A Wheel chair / See Case Law on / Affirmative Action Sheet metal workers V. EEoC. 478 U.S. 421 (1986) on Affirmative Action For Black Peace officers, To Enforce Black Inmate's FIRST Amendment Rights To Receive Protection Against unjustified Deprivation Cruel And unusual Punishment See Case Law on / Buckner V. Hollins 983 F2d 119 (8th Cir 1993) on Peace officers Duty To Intervene To Protect Inmates From other officers unjustified Deprivation Cruel And Unusual Punishment Due To T. Blackman False Imprisonment under L.A. County Superior Court Case # no. 3A250138 / See Probable Cause To Conduct An Investigation / See Case Law on / Beck V. Ohio 79 U.S. 89. 85. U S Supreme Court. 223. (1964) on Probable Cause To Conduct An Investigation Into T. Blackman False Imprisonment Due To The U S Federal Court Terminating Sacramento California State Capitol Building Third Appellate Court Judge Richard M. Sims And Judge Arthur G Scotland For Allowing State Prison officers To Keep T. Blackman Falsely Inside State Prison / See EXHIBIT A / Court Order Proof of Service

Due To 1986 Former Director of Correction Psychosis Daniel J. McCarthy And Stockton California 1986 Former San Joaquin County Psychosis Deputy District Attorney Who's Secretly Hiding In A Room That Has A Door That Has A Black Window Inside The old Chief Inmate Appeal office Building Between The State Capitol Building And The F.B I Building In Sacramento. California using Scientific Nuclear Power Radio / Transmitter That's Almost Like State Prison And Police Station And Fire department officers Radio Transmitter That's Transmitting Electromagnetic Energy ULTRA-Low-Frequency Radio-Waves Radio-Signal Through California To Allow State Prison And Police Station And Fire dept officers Walkie Talkie Radio-Communication From Radio-Antennas But, 1986 Former Director of Correction Psychosis Daniel J. McCarthy And Stockton California 1986 Former San Joaquin County Psychosis Deputy District Attorney Who's Secretly Hiding Inside The Chief Inmate Appeal office Building In Sacramento. Calif Has A Scientific Technology Break Through Nuclear Power Radio / Transmitter magnetic Pulse Weapon That's Feeding / off The Telephone Pole Power Lines That Allow Cellphone Communication To Transmitte ULTRA-Low-Frequency Radio-Wave's Sound wave's Through California To Allow Daniel J. McCarthy And Former San Joaquin County Deputy District Attorney To Broadcast them self Talking By Scientific Nuclear Power Radio-ULTRA-Low-Frequency Radio-Wave's At The Level Of A Dog-Whistle So other People cant Hear Them Talking out of Extreme Fear of Being Expose By the News media T.V. CAMERA's And So other People Will Think That T. Blackman is Hearing Voice And is crazy mentally ill when T. Blackman Give People

About Sacramento. Calif Telephone Pole Power line Transmitting EMF-EMF Through Calif. To Try To Stop T. Blackman From Giving People

I _____ _____ _____ _____ _____ _____ _____ _____ _____ _____ _____
2014 Ferguson Roit And The Sept 11 2001 Terrorist Attack And The 2012
Newton Sandy Hook Elementary School Shooting Killing Kids 5 to 6 years old
And The 2013 Washington D.C. Navy Yard Shooting That Killed 12 People
And The 2002 Folsom Prison Riot / See Exhibit.D / News Paper Clipping
of The 2002 Folsom Prison Riot Done By Scientific Nuclear Power Radio
To Try To Put Fear Into People To Try To Create A New World Order
Due To Daniel J McCarthy And Former San Joaquin County Deputy.
Using Scientific Nuclear Power Radio ULTRA-Low-Frequency Radio-Waves
Radiation Pressure To Stop T.Blackman Ink Pen And Pen Filler From Writing
Good So T Blackman Can't Appeal In State And Federal Court And To Cause
People Radiation Sickness Like Suffocation And Migraine Headace And Anxiety
Pains To Try To Drive People Crazy To Double Team T.Blackman To Estabish
That T.Blackman Has A Problem To Confiscate His Personal Property For
Involuntary Transfer Due To People Thinking T.Blackman Inside State Prison
Because Hes A Rapist And Child Molester Like White Boy He Man In Who Rape And
Molested 200 200 200 Preschool Kids In 1984 To Try To Cover Up Racist
White People Billion Dollar Scientific Electronic Mind Reading And Mind Control
Machine From The News Media T.V. Cameras For Another 30 Years
So Racist White People Can Try To Create A New World Order To Stay In Power
Due To Daniel J McCarthy And Former San Joaquin County Deputy District Attorney
Using Scientific Nuclear Power Radio To Broadcast Themself Talking By ULTRA
Low-Frequency Radio Waves Radiation Pressure To Make People Repeat Talking
To Head And Listen And Control People Conscious-Mind And Impulse Feeling To Give
People Wrong Ideas To Lose There Memory To Brain Wash People Like People Conscious-Mind Not
Agreeing To Stop At A Public Red Light To Refuse To Reason With T Blackman By Making People Think
Its There Conscious-Mind And Impulse Feeling Making There Decision To Refuse To Reason With
T. Blackman Due To The U.S. Federal Court Officials Using Unnecessary
Federal Court Procedure To Dismiss T.Blackman Civil Suit Complaint Dated 1-4-17
To Force T.Blackman To Pay Money For A Court Order 2. Judge Decision 30.Day Order
Decline And Consent Form And A Sample Court Order Proof Of Service And Civil Docket
Report To Terminate ___138___ Defendants In 10.Days Due To T.Blackman False
Imprisonment / See Commonwealth V.Hanley Head Notes Remember

EVERY Subject of The Commonwealth ought To Find A Certain Remedy By Having Recourse
of The Law For All Injuries or Wrong Which He May Receive In His Person or Property
or Character He ought To obtain Rights And Justice Freely And Without Being
Obliged To Purchase it Completly And Without Any Denial Promptly And With Delay
Conformably To The Law / See Case Law on / Commonwealth V Hanley 337 MASS 384. N.E.2d.
66. A.L.R. 222. (1958) on The Commonwealth Rights To Receive Procedure Protection
Court order A Proof of Service To Terminate ___138___ Defendants In 10.Day's

But People Refuse To Believe unless T.Blackman Become A Peace officer or House Alarm
or T.V. News Media Breaking News of Crime To The Public or Scientific Radio-Waves
Radiation Causing Diarrhea Bowel Movement Clown To Show People There Conscious-Mind
And Impulse Feeling is Being Control To Refuse To Issue T.Blackman A Court Order Proof
of Service To Terminate And Stop Prison Employees Time Click In 10.Days When People
Forget This Information But People Refuse To Believe

### Notice

Some People Are Indenial Due To Subconsciously Having A Problem Causing The
Indenial of Some People Fearing What The Truth Might Hold Causing The Indenial
of Some People Refusing To Face Any Serious Problem In Life That They Might Have
or Reason With other People To Try To Solve There Problem In Life
Without Criticizing Being Negative Toward other People Problem In Life Remember

When People Refuse To Unnecessary Reason with other People its Because There
Wrong There Indenial out of Extreme Fear Remember

Name: Tony Blackman

I.D. #: V-22349

Address: Richard J Donivan Correctonal Facility
480 ALTA Road
San Diego Calif 92179

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

Tony Blackman
_____
(Plaintiff/Petitioner)

v.

Officer J. Mendosa
_____
(Defendant(s)/Respondent)

Richard J Donovan Correctional
Facility. 480 ALTA Road
San Diego Calif 92179 /

Case Number:

**NOTICE OF CHANGE
OF ADDRESS**

**PLEASE TAKE NOTICE THAT** (print name)   Tony Blackman

hereby submits a notice of change of address in the above – entitled case as follows:

**OLD ADDRESS:**   California Substance Abuse Treatment
Facility  Corcoran  Calif  93212

**NEW ADDRESS:**   Richard J Donovan Correctional Facility
480 ALTA Road San Diego Calif

DATED:  Jan 4. 2017

Tony Blackman

**Signature of Plaintiff/Petitioner**

---

**YOU MUST FILE AN ORIGINAL CHANGE OF ADDRESS
FORM IN EACH OF YOUR OPEN CASES**

8